# EXHIBIT 35

| | |
|---|---|
| **From:** | Ivy Arai Tabbara |
| **To:** | Burke, William |
| **Cc:** | Geyerman, Grant; Elizabeth A. Fegan; smp@mtlesq.com; RCorrente@wckslaw.com; Mainigi, Enu; Steve Berman; Hoover, Kylie |
| **Subject:** | RE: Schedule for Sheetmetal and Plumbers |
| **Date:** | Wednesday, November 30, 2016 4:48:25 PM |
| **Attachments:** | 11-30-16 Draft Joint Initial Case Management Statement.docx |

Hi Bill,

Thanks for sending a draft proposed schedule.  Attached is draft Joint Initial Case Management Statement for your review.

For the schedule, we're fine with the March 3, 2017 date for amending pleadings.  We also discussed trigger dates for the summary judgment briefing and included our highlighted proposal.  After more thought, we would like more time for discovery before filing our class certification motion and extended that deadline to August. See highlighted dates.

Please let us know if you have questions and happy to discuss.

Thanks,

Ivy


Ivy Arai Tabbara | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9358

---

**From:** Burke, William [mailto:WBurke@wc.com]
**Sent:** Tuesday, November 29, 2016 10:43 AM
**To:** Ivy Arai Tabbara
**Cc:** Geyerman, Grant; Elizabeth A. Fegan; smp@mtlesq.com; RCorrente@wckslaw.com; Mainigi, Enu; Steve Berman; Hoover, Kylie
**Subject:** Schedule for Sheetmetal and Plumbers

Ivy:

Attached please find a chart regarding the schedule for Sheetmetal and Plumbers.  As you can see, we have accepted all but one of the modifications that Plaintiffs proposed to the schedule during our Rule 26(f) conference.

The one date that the parties have not yet agreed on is the date for amending the pleadings.  We initially proposed February 1, 2017.  Plaintiffs counter-proposed April 3, 2017 to allow for more time to review CVS's document production before deciding whether to add parties.  We are concerned, however, that if Plaintiffs add new parties on April 3, 2017 we won't have sufficient time to obtain discovery from the additional parties before the class certification briefing begins in June 2017.  We propose to split the difference and make the deadline for amending pleadings March 3, 2017.  Please let us know if that compromise is acceptable.

Thanks,

Bill

**William T. Burke**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
202-434-5299
wburke@wc.com | www.wc.com/wburke

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>CVS HEALTH CORPORATION,<br><br>      Defendant. | Case No. 1:16-cv-00046-S |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly,<br><br>      Plaintiffs,<br><br> v.<br><br>CVS HEALTH CORPORATION,<br><br>      Defendant. | Case No. 1:16-cv-00447-S |

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

**DRAFT 11/30/16**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties hereby submit this Joint Initial Case Management Statement.

1. **Jurisdiction and Service**

The Class Action Complaints: (1) *Sheet Metal Workers Local No. 20 Welfare and Benefit Fund and Indiana Carpenters Welfare Fund v. CVS Health Corp.*; and (2) *Plumbers Welfare Fund, Local 130, U.A. v. CVS Health Corp.*, both allege subject-matter jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1367(a). *Sheet Metal* Complaint ¶ 10; *Plumbers* Complaint ¶ 11. Plaintiffs believe the Court has personal jurisdiction over Defendant CVS Health Corporation. CVS does not dispute personal jurisdiction. CVS does not dispute personal jurisdiction. Counsel for Defendant has accepted service of the *Sheet Metal* and *Plumbers* Complaints on Defendant's behalf and answered both Complaints.

2. **Facts**

In February 2016, two Indiana-based union health and welfare funds, Sheet Metal Workers Local No. 20 Welfare And Benefit Fund and Indiana Carpenters Welfare Fund (collectively "*Sheet Metal* Plaintiffs"), filed a nationwide class action against Defendant CVS Health Corporation ("CVS") for knowingly and intentionally overcharging Plaintiff and private health insurance companies, third-party administrators, health maintenance organizations, self-funded health and welfare benefit plans, third-party payors and any other health benefit providers ("Third-Party Payors" or "TPPs") for generic prescription drugs by submitting claims for payment to TPPs at fraudulently inflated prices.

In August 2016, the Illinois-based union health and welfare fund, Plumbers Welfare Fund, Local 130, U.A., filed a related nationwide class action against CVS. The only difference from the *Sheet Metal* action is that *Plumbers*' individual consumer protection claims arise under

Illinois law, whereas Plaintiffs' consumer protection claims arise under Indiana law. Both, however, seek to represent a multi-state class pursuant to Fed. R. Civ. P. 23. The related *Plumbers* action was permanently assigned this Court.

In 2006, "big-box" retailers with pharmacy departments, such as Wal-Mart and Target, began offering hundreds of generic prescription drugs at significantly reduced prices. In November 2008, CVS responded by introducing its Health Savings Pass ("HSP") program, which provided special pricing for approximately 400 generic prescription medications to individuals who paid an annual membership fee.

Plaintiffs assert that for any generic drugs listed on the HSP formulary, CVS should have reported to TPPs the HSP price as the drug's Usual and Customary ("U&C") price. Plaintiffs claim that because "CVS offers the HSP price as the cash price to the general public and the HSP price is the most common price paid by CVS's cash-paying customers[,] [t]he HSP price is CVS's U&C price." However, instead of reporting the HSP price, "CVS has reported U&C prices for generic prescription drugs that are up to eleven (11) times the U&C prices reported by some of its most significant competitors and its own HSP prices." In contrast, the "big-box" retailers "report the discounted price as the U&C price." Plaintiffs contend that CVS's pricing policy caused TPPs who purchased generic prescription drugs on behalf of its members to pay significantly more than CVS charges cash-paying HSP enrollees to purchase the same drugs, in violation of applicable law.

The HSP program remains in place today. Plaintiffs and Class Members claim they are threatened with ongoing harm. As set forth in the *Sheet Metal* and *Plumbers* Complaints, CVS's "fraudulent scheme" has resulted in CVS "overcharg[ing] hundreds or thousands of TPPs

(including Plaintiffs and others similarly situated) which paid for some of the most commonly prescribed generic drugs from CVS pharmacies around the country."

3. **Legal Issues**

Plaintiffs, on behalf of themselves and nationwide and multistate classes of all similarly situated entities providing prescription drug insurance ("Third-Party Payors" or "TPPs"), assert causes of action against CVS for common law fraud, negligent misrepresentation, unjust enrichment, and violations of thirty-two state consumer protection acts. In addition, Plaintiffs assert the same common law causes, as well as state consumer protection statutory claims, on behalf of subclasses of similarly situated persons from Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Vermont, Virginia, Washington, Wisconsin and Wyoming.

4. **Motions**

**Motion for Class Certification:** Plaintiffs intend to move for class certification. Plaintiffs would file such motion on the date listed below under their proposed case schedule, or on such other date as the Court may order.

5. **Evidence Preservation and ESI**

The parties have taken steps to preserve the evidence related to the issues presented in this case, reviewed the Court's ESI Guidelines, and conferred pursuant to Rule 26(f) concerning ESI on November 18, 2016. Plaintiffs have provided CVS with a draft protocol regarding the production of ESI.

6. **Disclosures**

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

The parties intend to exchange initial disclosures on December 9, 2016.

**7.     Discovery**

Plaintiffs and CVS met and conferred regarding case management, schedule, and discovery issues on November 18, 2016, pursuant to Federal Rule of Civil Procedure 26(f).

The parties have also conferred concerning a Protective Order. Plaintiffs have provided CVS with a draft Protective Order.

To streamline the discovery process, on November 10, 2016, Plaintiffs requested all discovery CVS produced in *Corcoran v. CVS Health Corp. & CVS Pharm. Inc.*, No. 15-cv-3504 (N.D. Cal.), as well as all pleadings and exhibits, in unredacted form, relating to Plaintiffs' Motion For Class Certification filed in *Corcoran v. CVS Health Corp. & CVS Pharm. Inc.*, No. 15-cv-3504 (N.D. Cal.). Depending on the *Corcoran* production, Plaintiffs may also seek discovery into at least the following categories: (a) CVS's development and implementation of the HSP program; (b) CVS's pricing of generic prescription drugs, including CVS's determination of its "usual and customary" pricing for such drugs; (c) CVS's reporting of usual and customary pricing to TPPs; (d) CVS's representations and omissions to Plaintiffs, Class Members, regarding (i) the HSP program, (ii) the usual and customary pricing of generic prescription drugs; (e) CVS's data regarding TPP transactions and HSP membership; (f) the role of Pharmacy Benefit Managers with respect to usual and customary pricing, contracting with CVS, and knowledge of CVS's calculations and reporting of U&C prices; and (g) CVS's own pecuniary benefits it has enjoyed as a result of its fraudulent scheme. Plaintiffs' factual investigation is ongoing, and there may be other topics of discovery relevant to the parties' claims and defenses beyond those listed above.

As a potential compromise, the parties have discussed a proposal regarding depositions. Defendant is willing to produce all deposition transcripts in *Corcoran v. CVS Health Corp. & CVS Pharm. Inc.*, No. 15-cv-3504 (N.D. Cal.) and the Texas investigation in hopes of limiting the number of depositions and lines of questioning in the *Sheet Metal* and *Plumber* cases. The parties have not yet reached final agreement on this compromise proposal.

**8.   Class Actions**

Plaintiffs seek certification of a nationwide class defined as follows:

> All Third-Party Payors that paid CVS between November 2008 and the present (the "Class Period"), for generic prescription drugs that were included in the CVS Health Savings Pass program.

Plaintiffs also seek certification of the following multistate class:

> All Third-Party Payors that paid CVS between November 2008 and the present (the "Class Period"), for generic prescription drugs that were included in the CVS Health Savings Pass program in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Vermont, Virginia, Washington, Wisconsin and Wyoming.

*Sheet Metal* Complaint ¶ 42; *Plumbers* Complaint ¶ 47.

Plaintiffs believe the aforementioned classes are certifiable; CVS disagrees.

**9.   Related Cases**

On August 19, 2016, the related case, *Plumbers Welfare Fund, Local 130, U.A. v. CVS Health Corp.*, No. 1:16-cv-00447-S-PAS, was permanently assigned this Court.

**10.   Relief**

Plaintiffs, on behalf of themselves and the putative classes they represent, seek the following relief:

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

    (a)    compensatory damages to all class members, measured as at least the difference between payments paid to CVS, and the usual and customary price CVS offered to the general public, for all generic prescriptions class members purchased during the life of the HSP program;

    (b)    permanent injunctive relief prohibiting CVS from continuing to engage in the unlawful acts, omissions, and practices described herein;

    (c)    statutory penalties, fines and any other damages provided by the applicable state statutory causes of action that Plaintiffs and the Classes assert against CVS;

    (d)    disgorgement and restitution of all earnings, profits, compensation, and benefits received by CVS as a result of its unlawful acts, omissions, and practices;

    (e)    statutory trebling damages, and punitive or exemplary damages, to the extent permitted by law;

    (f)    an award to Plaintiffs of their the costs and disbursements of the action, along with reasonable attorneys' fees;

    (g)    pre- and post-judgment interest at the maximum legal rate; and

    (h)    all such other relief that the Court deems just and proper.

Plaintiffs believe calculation of damages will require documents and information to be produced in discovery as well as expert testimony.

**11.**    <u>**Settlement**</u>

The parties agree the *Sheet Metal* and *Plumbers* cases need more time to mature before settlement discussions.

**12.**    <u>**Scheduling**</u>

The parties propose the following pre-trial schedule. Additionally, the parties propose that all events after the close of summary judgment briefing be scheduled at a later date by the Court.

<u>Plaintiffs' Position:</u>

- 6 -

- 7 -

| EVENT | DATE |
|---|---|
| Initial Disclosures | December 9, 2016 |
| Amendment of Pleadings and Joinder of Parties | March 3, 2017 |
| Plaintiffs' Motion for Class Certification, and any Class Certification Expert Reports, Due | August 4, 2017 |
| Defendants' Class Certification Opposition, and any Class Certification Opposition Expert Reports, Due | September 15, 2017 |
| Plaintiffs' Reply in Support of Class Certification, and any Class Certification Rebuttal Expert Reports, Due | October 27, 2017 |
| Close of all Fact Discovery | December 15, 2017 |
| Plaintiffs' Expert Reports Due | 60 days after the later of (1) decision re: class certification or (2) close of discovery |
| Defendants' Expert Reports Due | 30 days after Plaintiffs' expert reports |
| Plaintiffs' Rebuttal Expert Reports Due | 30 days after Defendants' expert reports |
| Motions for Summary Judgment Due | 30 days following Plaintiffs' Rebuttal Expert Reports |
| Oppositions to Motions for Summary Judgment Due | 30 days following Motions for Summary Judgment |
| Replies in Support of Summary Judgment Due | 30 days following Oppositions to Motions for Summary Judgment |

Defendant's Position:

**13.   Trial**

The parties seek a jury trial of all matters so triable.

**14.   Other Matters**

None at this time.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

- 8 -

DATED:  December __, 2016

*Attorneys for Plaintiffs and Proposed Classes*

By: _____
    Stephen M. Prignano
MCINTYRE TATE LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903
Tel: (401) 351-7700 Ext. 227
Fax: (401) 331-6095
Email: smp@mtlesq.com

By: _____
    Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
Email:  steve@hbsslaw.com

By: _____
    Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
Email:  beth@hbsslaw.com

By: _____
    William Riley
RILEY WILLIAMS & PIATT, LLC
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, Indiana  46204
Tel: (317) 633-5270
Fax: (317) 426-3348

Respectfully submitted,

*Attorneys for CVS Health Corporation*

By: _____
    Robert C. Corrente
WHELAN, CORRENTE, KINDER & SIKET LLP
100 Westminster Street, Suite 710
Providence, RI 02903

By: _____
    Enu Mainigi
Luba Shur *(Pro Hac Vice)*
Grant A. Geyerman *(Pro Hac Vice)*
WILLIAMS & CONNOLLY LLP
725 12th St., NW
Washington, D.C. 20005

## ECF ATTESTATION

I, _____, am the ECF User whose ID and password are being used to file the following: **JOINT INITIAL CASE MANAGEMENT STATEMENT.** I hereby attest that concurrence in the filing of the document has been obtained from each of the signatories referenced above.

Dated: _____

By: _____
_____

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**