# EXHIBIT 38

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated, | Case No. 1:16-cv-00046-S |
| Plaintiffs, | |
| v. | |
| CVS HEALTH CORPORATION, | |
| Defendant. | |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly, | Case No. 1:16-cv-00447-S |
| Plaintiffs, | |
| v. | |
| CVS HEALTH CORPORATION, | |
| Defendant. | |

**DEFENDANT CVS HEALTH CORPORATION'S RESPONSE
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant CVS Health Corporation ("CVS"), by and through counsel, provides these Responses and Objections ("Responses") pursuant to Federal Rule of Civil Procedure 34 to Plaintiffs' First Set of Interrogatories (February 10, 2017).  CVS's investigation of the facts and allegations in the case is ongoing, and CVS reserves its right to amend or supplement its Responses as contemplated by, and in accordance with, the applicable rules.

## GENERAL OBJECTIONS

1.     CVS objects to all definitions, instructions, and requests insofar as they seek production or disclosure of documents or information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, rule, doctrine or immunity, whether created by statute or common law.  All requests have been read to exclude discovery of such privileged information.  Inadvertent production of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent production waive the right of CVS to object to the use of any such information in any proceeding.

2.     CVS objects to all definitions, instructions, and requests insofar as they seek to impose obligations beyond those imposed by law, the applicable Federal Rule of Civil Procedure, and/or the applicable Local Rules.

3.     By answering these interrogatories and by providing the requested information, CVS does not concede the relevance, materiality, or admissibility of any of the information sought therein for use as evidence in any hearing or trial.  CVS's responses are made subject to and without waiving any objections as to relevance, materiality, or admissibility.  CVS expressly reserves the right to object to further discovery on the subject matter of any of these interrogatories.

4.     CVS objects to each interrogatory, including subparts, to the extent it is duplicative and cumulative.

5.     CVS objects to each interrogatory, including subparts, to the extent that it seeks sensitive and private information, including personal health information, the disclosure of which would violate federal law and/or the privacy rights of persons not parties to this action.

6.     CVS objects to each interrogatory, including subparts, as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the

case insofar as it seeks documents or information concerning prescription drugs not included on the formulary for the Health Savings Pass ("HSP") program.

7.      CVS objects to each interrogatory, including subparts, as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks information concerning a time period(s) not within the putative class period.

8.      CVS objects to each interrogatory, including subparts, to the extent that it seeks information that is not in its possession, custody, or control; is not maintained in the ordinary course of business; or cannot be determined without undue burden.

9.      CVS objects to each interrogatory, including subparts, to the extent it may be construed to require CVS to search for and disclose or produce information that are equally accessible to Plaintiffs, whether from documents already produced to Plaintiffs in the case, from public records, or from other equally available sources.

10.     CVS objects to each request to the extent that it seeks "any," "all," or "any and all" documents on a subject as overbroad, unduly burdensome, and not proportional to the needs of the case in that the collection of potentially responsive documents would require a massive search for documents in numerous different places and files, including potentially the files of several hundreds of employees.  In responding to these requests, CVS will conduct a reasonable and diligent search.

11.     The information supplied in these Responses is not necessarily based upon the personal knowledge of the person executing the interrogatories on behalf of CVS but is based upon the knowledge, information, and belief of CVS and its employees, agents, representatives, and attorneys, unless privileged.

12.     The applicable foregoing General Objections are incorporated into each of the specific objections and responses that follow.  Stating a specific objection or response shall not be construed as a waiver of CVS's general or specific objections.

13.     These Responses are made as of the date stated and include information located or obtained up to that time after reasonable inquiry.  CVS does not purport to have reviewed and extracted information from every potentially relevant source.  Further information responsive to Plaintiffs' requests may be ascertained or identified at a later time, and CVS reserves its right to amend its responses to rely on such information throughout this litigation and trial.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     The terms "CVS," "You" and/or "Your" shall mean and refer to Defendant CVS Health Corporation and each of CVS's employees, officers, directors, managers, agents, representatives, and other persons acting on behalf of CVS and sources within the control of CVS, including CVS's subsidiary, parent, predecessor, and related entities.

**RESPONSE:**  See General Objection No. 2.  CVS objects to this Definition as vague and ambiguous.  CVS understands "Defendant," "you," "your," "CVS," and "company" to refer to CVS Health Corporation only.  CVS objects to the Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses or proportional to the needs of the case insofar as it concerns other entities in the CVS Health Corporation family of entities.  CVS Health Corporation is a holding company, has no operations beyond its function as a holding company, and was not involved with the operation of the HSP program.  This objection notwithstanding, CVS will respond to this interrogatory on behalf of CVS Pharmacy, Inc.

2.     "Document" and/or "documents" shall mean and refer to any and all documents, electronically stored information ("ESI"), memoranda, PowerPoint presentations, Excel spreadsheets, databases, notes, emails, writings, drawings, graphs, charts, photographs, videos, sound recordings, images, and other data or data compilations stored in any medium, including handwritten, typed, printed, pictorial, or graphic matter, however produced or reproduced, of every kind and description, and any other tangible thing, including without limitation any "writings," "originals," and "duplicates," as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001, and as used

herein shall refer to any and all writings, including, but not limited to, any faxes, electronic records and electronically stored information, film records, or productions.

**RESPONSE:** See General Objection No. 2.

3.      To "describe" means to provide the substance, detail, and all information relating to all aspects concerning the subject matter of the interrogatory.

**RESPONSE:** See General Objection No. 2.

4.      To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject matter of the document; (f) the present location of any and all copies of the document in the possession, custody, or control of defendant; and (g) the names and current addresses of any and all persons who have possession, custody, or control of the document or copies thereof.

**RESPONSE:** See General Objection No. 2.

5.      The terms "refer," "referring," "relate," "relating," or associated with as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, summarizing, analyzing, involving, reflecting, supporting, refuting, contradicting, addressing, dealing with, consisting of, emanating from, be directed at, pertaining to, identifying, mentioning, in connection with, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

**RESPONSE:** See General Objection No. 2.

6.  "Any," "all," and "each shall be construed as "all and each."

**RESPONSE:** See General Objection Nos. 2 and 10.

7.  The singular form of any word includes the plural and vice versa.

**RESPONSE:** See General Objection No. 2.

8.      If you withhold any information requested herein on grounds of privilege, work product or otherwise, identify the relevant Request for Production, the specific grounds upon which your objection and privilege claim is based (including each and every fact and legal basis upon which you claim such privilege), the date of creation, author, recipients and general subject matter of the information withheld, and specify the identity of the person (or entity) on whose behalf the privilege is asserted.

**RESPONSE:** See General Objection No. 2.

9.      These interrogatories are continuing and Defendant must reasonably supplement their answers, by providing such additional information as Defendant, or any person(s) acting on Defendant's behalf, may hereafter obtain.

**RESPONSE:**  See General Objection No. 2.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**  For each year in which the HSP program was in effect, describe in detail all criteria for membership in the HSP program.

**RESPONSE:**  CVS objects to the term "criteria" as vague, ambiguous, and undefined.

Subject to and without waiving this objection and CVS's General Objections, CVS responds that the HSP program was in effect from November 9, 2008 through January 31, 2016. The program's terms, conditions, and other criteria for membership are listed in the HSP program's enrollment forms and marketing materials used during the program's lifetime, which terms, conditions, and criteria are incorporated into this response. *See*, *e.g.*, CVSC-0000091–93 (2008); CVSC-0237281–82 (2010); CVSC-0237506–07 (2013); CVSC-0245583–84 (2015); and CVSC-0000191 (2008); CVSC-0000192 (2008); CVSC-0001435–40 (2008).

Furthermore, at all times, the HSP program required members to take affirmative steps to join the program and to maintain their membership.  First, HSP members were required to complete an enrollment form to join the program.  Initially members could apply for membership in CVS stores, online, by telephone, or by mail.  In or around July 2013, members had to apply either at a CVS store or online.  For exemplar English language enrollment forms, *see* CVSC-0000091–93; CVSC-0237281–82; CVSC-0237506–07; CVSC-0245583–84.  The HSP enrollment form asked the member for various items of personal information.

Second, HSP members agreed to program terms and conditions (e.g., receiving certain marketing materials and/or waiving rights under the Health Insurance Portability and Accountability Act; paying at least the HSP program's standard minimum price in an HSP

purchase, including where the purchase quantity was less than an HSP program purchase's standard supply for the medication; not combining HSP benefits with other prescription benefits, including insurance benefits).

Third, members had to pay an initial and an annual renewal membership fee. From November 9, 2008 through December 31, 2010, the initial membership fee and annual renewal fee were each $10.00. Beginning on January 1, 2011, the initial membership fee and annual renewal fee were each $15.00. CVS policy prohibited waiving the initial membership fee or annual renewal membership fee.

DATED: March 13, 2017              Respectfully submitted,

By: /s/ William T. Burke
Enu Mainigi (*Pro Hac Vice*)
William T. Burke (*Pro Hac Vice*)
Grant A. Geyerman (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
emainigi@wc.com
wburke@wc.com
ggeyerman@wc.com

Robert C. Corrente
WHELAN, CORRENTE, FLANDERS, KINDER & SIKET LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone:  (401) 270-4500
Facsimile:  (401) 270-3760
rcorrente@whelancorrente.com

*Attorneys for CVS Health Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I caused **DEFENDANT CVS HEALTH**

**CORPORATION'S RESPONSES TO PLAINTIFFS' FIRST SET OF**

**INTERROGATORIES** to be served on the following:

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

Elizabeth A. Fegan (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
Email: beth@hbsslaw.com

Ivy Arai Tabbara (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 268-9358
Fax: (206) 623-0594
Email: ivy@hbsslaw.com

Stephen M. Prignano (3649)
MCINTYRE TATE LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903
Tel: (401) 351-7700 Ext. 227
Fax: (401) 331-6095
Email: smp@mtlesq.com

William Riley (*pro hac vice*)
RILEY WILLIAMS & PIATT, LLC
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Tel: (317) 633-5270
Fax: (317) 426-3348
Email: wriley@rwp-law.com

Donald F. Harmon
BURKE BURNS & PINELLI, LTD.
Three First National Plaza
70 West Madison Street, Suite 4300
Chicago, IL 60602
Email: dharmon@bbp-chicago.com

*Attorneys for Plaintiffs*

DATED:  March 13, 2017          By: /s/ Kathryn E. Hoover

## VERIFICATION

Thomas J. Gibbons herein states that:

  1.  I am the Senior Vice President of Third Party Reimbursement at CVS Pharmacy, Inc., and I verify CVS Health Corporation's Objections and Responses to Plaintiffs' First Set of Interrogatories.

  2.  I am duly authorized to do so.  The matters stated therein are not within my personal knowledge; the facts stated therein have been assembled by employees and/or counsel for CVS Health Corporation.

  3.  I declare under penalty of perjury under the laws of the State of Rhode Island that, to the best of my knowledge, information, and belief, the foregoing is true and correct.

Executed on March 15, 2017

                   Thomas J. Gibbons

Sworn to and subscribed
before me, this 15th
day of March, 2017.

Notary Public