# EXHIBIT 40



# Transcript of Amber D. Compton

**Date:** December 16, 2016

**Case:** Corcoran, et al. -v- CVS Pharmacy, Inc.

Planet Depos
Phone: 888-433-3767
Fax: 888-503-3767
Email: transcripts@planetdepos.com
Internet: www.planetdepos.com

Worldwide Court Reporting | Interpretation | Trial Services

CONFIDENTIAL
CVSSM-0008392

**Page 1**

```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CORCORAN, et al.,  )
                               )
         Plaintiffs,           )
                               )  Case No.:
     vs.                       )
                               )  3:15-cv-03504-YGR
CVS PHARMACY, INC.,            )
                               )
         Defendant.            )


    VIDEO-RECORDED DEPOSITION OF AMBER D. COMPTON
         TAKEN ON BEHALF OF THE PLAINTIFFS
                 DECEMBER 16, 2016




    (Starting time of the deposition: 9:32 a.m.)
```

**Page 2**

```
                  I N D E X
QUESTIONS BY:                              PAGE
MR. GILMORE                                  7
MS. MAINIGI                                 90
MR. SITARCHUK                               92
MR. GILMORE                                 93


              E X H I B I T S
EXHIBIT                                    PAGE
Exhibit 613   Subpoena                       8
Exhibit 618   Declaration of Amber D.       13
              Compton
Exhibit 532   CVS/Express Scripts provider  65
              contract
Exhibit 617   2008 Express Scripts Network  69
              Provider Manual
Exhibit 615   2010 Express Scripts Network  71
              Provider Manual
Exhibit 616   2016 Express Scripts Network  76
              Provider Manual
Exhibit 619   August 10, 2016 complaint     81

(The exhibits were retained by the court reporter to
be attached to the original and copies of the
transcript.)
```

**Page 3**

```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CORCORAN, et al.,  )
                               )
         Plaintiffs,           )
                               )  Case No.:
     vs.                       )
                               )  3:15-cv-03504-YGR
CVS PHARMACY, INC.,            )
                               )
         Defendant.            )


    VIDEO-RECORDED DEPOSITION OF AMBER D. COMPTON,
produced, sworn and examined on December 16, 2016,
between the hours of nine o'clock in the forenoon
and noon of that day, at the offices of Bryan Cave
LLP, One Metropolitan Square, 211 North Broadway,
Suite 3600, St. Louis, Missouri 63102-2750, before
William L. DeVries, a Certified Court Reporter (MO),
Certified Shorthand Reporter (IL), Registered
Diplomate Reporter, and Certified Realtime Reporter,
in a certain cause now pending in the United States
District Court, Northern District of California,
between CHRISTOPHER CORCORAN, et al., Plaintiffs,
vs. CVS PHARMACY, INC., Defendant; on behalf of the
Plaintiffs.
```

**Page 4**

```
              A P P E A R A N C E S
For the Plaintiffs:
Mr. Robert B. Gilmore
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
(202) 601-1589
rgilmore@steinmitchell.com


For the Defendant:
Mr. Enu Mainigi
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
emainigi@wc.com


For the Witness:
Mr. Eric W. Sitarchuk
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000
eric.sitarchuk@morganlewis.com
```

CONFIDENTIAL

CVSSM-0008393

53

1 just said?
2     MS. MAINIGI: Objection.
3     A. No. I don't have any membership -- any
4 contractual agreement where a membership program
5 would be included in the definition of usual and
6 customary.
7     Q. (By Mr. Gilmore) Let's turn to
8 paragraph eleven in your declaration. You say
9 (quote as read):
10        In my experience, there was general
11        awareness in the marketplace that
12        pharmacies with a membership program
13        were not reporting the membership
14        program prices as usual and customary
15        prices.
16        What's your basis to say there was
17 general awareness?
18     A. The -- the programs were public
19 programs. They were available knowledge wise
20 through the press releases that we've discussed, and
21 my understanding, my position is that like Express
22 Scripts they were generally excluded from usual and
23 customary prices. General understanding. Again, I
24 don't have detailed knowledge. It's just a general
25 statement.

54

1     Q. Did you talk with employees at other
2 PBMs in which those employees at other companies
3 said they also were -- knew that pharmacies were not
4 submitting these membership program prices as usual
5 and customary prices?
6     A. No, I would --
7     MS. MAINIGI: Objection.
8     A. I would have not spoken with other PBMs
9 regarding this or any contract term.
10     Q. (By Mr. Gilmore) Do you recall any
11 communication to you from someone at CVS saying
12 something to the effect of, Amber, CVS is not going
13 to submit its Health Savings Pass prices at its
14 usual and customary prices?
15     A. No, I do not recall that conversation
16 or a conversation.
17     Q. Are you aware of anyone at CVS having
18 that kind of conversation with anyone else besides
19 you at Express Scripts?
20     A. I'm not, no.
21     Q. And you can't point us to a letter or
22 e-mail or any other written communication between
23 anyone at Express Scripts and anyone at CVS
24 reflecting that CVS is not going to submit its
25 Health Savings Pass price as its usual and customary

55

1 price, fair?
2     MS. MAINIGI: Objection.
3     A. That is fair. I can't point to
4 anything.
5     Q. (By Mr. Gilmore) Nor can you point us
6 to any written communication occurring at the time
7 that says, from Express Scripts to CVS, Express
8 Scripts knows you're not submitting this as the
9 usual and customary price and Express Scripts agrees
10 with that? You can't point us to any document that
11 says that, right?
12     MS. MAINIGI: Objection.
13     A. That's correct.
14     Q. (By Mr. Gilmore) Turn to paragraph 17
15 of your declaration. You say (quote as read):
16        I was aware that CVS was not submitting
17        to Express Scripts the membership
18        program prices as CVS's U&C price on
19        prescription drug claims.
20        Did I read that correctly?
21     A. You did, yes.
22     Q. How did you become aware of that?
23     A. Again, we -- I viewed the membership
24 program as being outside of the Express Scripts CVS
25 contract. Wouldn't have expected them to be part of

56

1 the contract or claims adjudication to Express
2 Scripts.
3     Q. Putting aside that you didn't expect
4 CVS to submit these prices, what did you do or learn
5 to in fact know that CVS was not submitting to
6 Express Scripts the membership prices as CVS's usual
7 and customary prices?
8     MR. SITARCHUK: Objection to form.
9     MS. MAINIGI: Join.
10     A. I'm not sure I understand what you're
11 asking.
12     Q. (By Mr. Gilmore) So I heard you say
13 that you didn't expect CVS to submit the HSP prices
14 at CVS's usual and customary prices. In paragraph
15 17 you say you were aware that CVS was not doing
16 that. I'm just trying to understand what you did to
17 get that knowledge? Did you look at data? Did you
18 look at some kind of communication, some -- any
19 information or something that would in fact confirm
20 for you at the time CVS is not submitting these
21 prices as its usual and customary prices?
22     A. Well, pursuant to the contract U -- U&C
23 is a defined term within our contract. I had taken
24 a position that these programs were outside of their
25 usual and customary pricing and wouldn't be subject

65
1    MR. SITARCHUK: Objection to form.
2    MS. MAINIGI: Join.
3    A.  **The way we have the term defined**
4    **pursuant to our contract with CVS.**
5    Q.  (By Mr. Gilmore) In your declaration
6 in paragraphs 15 and 16 you refer to a January 25th,
7 2008 pharmacy provider agreement between Express
8 Scripts and CVS, right?
9    A.  Correct.
10    (WHEREIN, Exhibit 532, CVS/Express
11 Scripts provider contract, was marked for
12 identification.)
13    Q.  (By Mr. Gilmore) Let me hand you
14 what's been marked as Plaintiffs' Exhibit 532. You
15 can take a moment or a few moments if you like to
16 look through it. I first want to ask you is do you
17 know whether this is the agreement that you were
18 referencing?
19    A.  Yes.
20    Q.  Your declaration includes a definition
21 of usual and customary retail price that you say is
22 present in the contract, right?
23    A.  Yes.
24    Q.  And if we turn to -- in Plaintiffs'
25 Exhibit 532, the CVS/Express Scripts provider

66
1 contract, there's a Bates number at the bottom
2 325309. It's page three of the contract itself.
3 Are you there?
4    A.  Yes.
5    Q.  Section 1.17 there is the definition of
6 usual and customary retail price, right?
7    A.  Yes.
8    Q.  And that reads (quote as read):
9      Means that -- usual and customary
10     retail price means the usual and
11     customary retail price of a covered
12     medication in a cash transaction at the
13     pharmacy dispensing the covered
14     medication in the quantity dispensed on
15     the date that it is dispensed,
16     including any discounts or special
17     promotions offered on such date.
18     Did I read all that correctly?
19    A.  Yes, you did.
20    Q.  And it refers to any discounts or
21 special promotions offered on such date must be
22 included in the usual and customary price a pharmacy
23 submits, right?
24    A.  Yes.
25    Q.  The language here in 1.17 does not

67
1 contain an exception for discounts, promotions, or
2 offers that involve membership programs, right?
3    MR. SITARCHUK: Objection to form.
4    MS. MAINIGI: Join.
5    A.  Correct.
6    Q.  (By Mr. Gilmore) Nor does this
7 definition include exceptions for discounts,
8 promotions, or offers that require a fee to receive
9 those discounts. Am I right?
10    MS. MAINIGI: Objection to form.
11    MR. SITARCHUK: Objection to form.
12    Q.  (By Mr. Gilmore) Doesn't say that in
13 the language here?
14    A.  **Doesn't say that, correct.**
15    Q.  So if any -- any person reading this
16 and not having read your declaration wouldn't know
17 that discounts through a membership program are
18 excluded from what Express Scripts believes are
19 usual and customary retail price?
20    MR. SITARCHUK: Objection to form.
21    MS. MAINIGI: Join.
22    Q.  (By Mr. Gilmore) Fair? You're not
23 going to be able to glean that from just reading
24 this definition, are you?
25    MR. SITARCHUK: Objection to form.

68
1    MS. MAINIGI: Join.
2    A.  **It's not stated. Membership program is**
3    **not stated.**
4    Q.  (By Mr. Gilmore) Do you know whether
5 any Express Scripts clients are aware of the
6 definition of usual and customary retail price
7 that's in this main agreement, the provider
8 agreement?
9    A.  **No, I'm not aware.**
10    Q.  Express Scripts has sort of a template
11 provider agreement that it issues publicly, right?
12    MS. MAINIGI: Objection.
13    A.  **Not publicly. Issues to pharmacies**
14 **upon an application of the credentialing process.**
15    Q.  (By Mr. Gilmore) Do you know whether
16 it's publicly available?
17    A.  **It is not.**
18    Q.  Has it ever been publicly available?
19    A.  **Not to my knowledge.**
20    Q.  This kind of agreement is similar to
21 ones that Express Scripts has with respect to public
22 programs like Medicare and Medicaid, right?
23    MS. MAINIGI: Objection to form.
24    A.  **No --**
25    MR. SITARCHUK: Join.

CONFIDENTIAL

CVSSM-0008409

93

1     A. No.
2     Q. So do you have any knowledge of what
3 was said to Medicare or TRICARE -- Medicare part D
4 or TRICARE either way?
5     A. No.
6     MR. SITARCHUK: That's all I have.
7 Thank you.
8     FURTHER EXAMINATION
9 QUESTIONS BY MR. GILMORE:
10     Q. Are you aware of the existence of any
11 investigations of Express Scripts by Medicare part D
12 or TRICARE or any other government agency relating
13 to usual and customary pricing?
14     MR. SITARCHUK: And I'd object and
15 instruct you not to answer to the extent if any that
16 would call for communications with counsel, but if
17 you have any awareness other than that, please
18 answer the question.
19     **A. No, I don't have any awareness.**
20     Q. (By Mr. Gilmore) Are you aware of any
21 litigation that Express Scripts has been involved in
22 regarding the usual and customary pricing that
23 pharmacies submit?
24     MR. SITARCHUK: Same instruction.
25     **A. No, not aware.**

94

1     Q. (By Mr. Gilmore) Are you aware of any
2 litigation that Express Scripts has been involved in
3 regarding pharmacies' discount membership programs?
4     MR. SITARCHUK: Same instruction.
5     **A. No, not aware.**
6     MR. GILMORE: No further questions.
7     MS. MAINIGI: Nothing for me. Thank
8 you.
9     MR. SITARCHUK: We're done.
10     VIDEOGRAPHER: We're going off the
11 record at approximately 11:41 a.m.
12     (WHEREIN, the deposition was concluded
13 at 11:41 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

95

1     CERTIFICATE OF REPORTER
2
3     I, William L. DeVries, a Certified
4 Court Reporter (MO), Certified Shorthand Reporter
5 (IL), Registered Diplomate Reporter, and a Certified
6 Realtime Reporter, do hereby certify that the
7 witness whose testimony appears in the foregoing
8 deposition was duly sworn by me pursuant to Section
9 492.010 RSMo; that the testimony of said witness was
10 taken by me to the best of my ability and thereafter
11 reduced to typewriting under my direction; that review
12 was not requested; that I am neither counsel for, related
13 to, nor employed by any of the parties to the action
14 in which this deposition was taken, and further that I
15 am not a relative or employee of any attorney or counsel
16 employed by the parties thereto, nor financially or
17 otherwise interested in the outcome of the action.
18
19     *William L. DeVries*
20     _____
21     Certified Court Reporter
22     within and for the State of Missouri
23
24
25

CONFIDENTIAL

CVSSM-0008416