# EXHIBIT 42

```
 1                UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                       OAKLAND DIVISION

 4
     CHRISTOPHER CORCORAN, et al.
 5
              Plaintiff,
 6
         vs.                              No. 15-CV-03504-YGR
 7
     CVS PHARMACY, INC.,
 8
              Defendant.
 9   _____

10

11

12

13

14       VIDEOTAPED DEPOSITION OF WILLIAM JOHN BARRE

15

16              Thursday, November 17, 2016

17                      12:59 P.M.

18

19                 12670 High Bluff Drive

20                   San Diego, California

21

22

23   Reported by:

24   Harry Alan Palter

25   CSR No. 7708, Certified LiveNote Reporter
```

```
                                    Page 2                                              Page 4
 1  APPEARANCES:                                     1              INDEX TO EXHIBITS
 2                                                   2              WILLIAM JOHN BARRE
 3  For Plaintiffs:                                  3            Corcoran vs. CVS Pharmacy, Inc.
 4      STEIN MITCHELL CIPOLLONE BEATO & MISSNER     4             Thursday, November 17, 2016
        BY:  ROBERT B. GILMORE                       5           Harry Alan Palter, CSR No. 7708
 5      Attorney at Law                              6
        1100 Connecticut Avenue, NW, Suite 1100      7  MARKED          DESCRIPTION                    PAGE
 6      Washington, DC 20036
        202.601.1589    Fax 202.352.1877             8  Defense Exhibit 299    CVS Pharmacy, Inc.'s      7
 7      E-mail:  rgilmore@steinmitchell.com                                    Amended Notice of
 8                                                   9                         Videotaped Deposition
    For CVS:                                                                   of Bill Barre
 9                                                  10
        WILLIAMS & CONNOLLY LLP                     11  Defense Exhibit 300    MedImpact MedCare        20
10      BY:  COLLEEN MCNAMARA                                                  Pharmacy Network
             GRANT GEYERMAN (TELEPHONICALLY)        12                         Agreement, CVSC-0333819
11      Attorneys at Law                                                       through CVSC-0333863
        725 Twelfth Strreet, NW                     13
12      Washington, D.C. 20005                          Defense Exhibit 301    Salesforce document,     35
        202.434.5186    Fax 202.434.5029            14                         MEDIMPACT000001 through
13      E-mail:  cmcnamara@wc.com                                              MEDIMPACT000003
                 ggeyerman@wc.com                   15
14                                                  16  Plaintiff Exhibit 606  TP Contracts Indexing    64
15  For the Deponent:                                                          Form, CVSC-0006048
16      THE PHOENIX LAW GROUP                       17                         through CVSC-0006081
        BY:  CANDIDA RUESGA                         18
17      Attorney at Law                             19            •_____•
        8765 East Bell Road, Suite 110              20
18      Scottsdale, Arizona 85260                   21
        480.444.3500                                22
19      E-mail:  cruesga@phoenixlawgroup.com        23
20                                                  24
    Videographer:                                   25
21
        Ryan LaFond
22
23
24
25

                                    Page 3                                              Page 5
 1              INDEX                                1              San Diego, California
 2                                         PAGE     2         Thursday, November 17, 2016; 12:59 P.M.
 3  APPEARANCES                                2    3
 4  PROCEEDINGS                                5    4
 5                                                   5         THE VIDEOGRAPHER:  All right.  Good
 6          INDEX TO EXAMINATION                     6  afternoon.  We are on the record.
 7                                                   7         This is the videotaped deposition of Bill
 8       WITNESS:   WILLIAM JOHN BARRE                8  Barre in the matter of Christopher Corcoran, et al.,
 9                                                   9  vs. CVS Pharmacy, Inc.  This deposition is taking
10  EXAMINATION OF:                                 10  place at 12670 High Bluff Drive, San Diego,
11  Bill Barre                                      11  California  92130.  Today's date is November 17th,
12    BY MS. McNAMARA                       6, 88   12  2016.  Time on the record is 12:59.
13    BY MR. GILMORE                           50   13         My name is Ryan LaFond.  I'm the
14                                                  14  videographer with U.S. Legal Support.  Our certified
15  WITNESS DECLARATION                        90   15  court reporter is Harry Palter.  Video and audio
16  DEPOSITION ERRATA SHEET                    91   16  recording will take place, unless all counsel have
17  REPORTER'S CERTIFICATE                     92   17  agreed to go off the record.
18                                                  18         Would all present please identify
19  INDEX OF VIDEO MEDIA                            19  themselves, beginning with the witness.
20  Media No. 1                                 6   20         THE WITNESS:  Bill Barre.
21                                                  21         MS. RUESGA:  Candida Ruesga, Phoenix Law
22          •_____•               22  Group, on behalf of MedImpact.
23                                                  23         MS. McNAMARA:  Colleen McNamara and Grant
24                                                  24  Geyerman, on the phone, from Williams & Connolly on
25                                                  25  behalf of CVS pharmacy.
```

Page 66

1  type of a card, program, enrollment, anything else
2  of that nature, so simply walking in off the street,
3  what would that person expect to pay at the
4  point-of-sale at CVS. And that would be defined as
5  the cash price, the usual and customary price or
6  that lowest price.
7       Q    Let me focus on the lowest price.
8            Why does MedImpact want to have a
9  definition of "usual and customary price" that calls
10 that price the lowest price that a pharmacy's
11 offering?
12           MS. McNAMARA: Objection. Foundation.
13           THE WITNESS: We would want to ensure
14 that a consumer coming in without taking any other
15 activity -- this passive definition we referred to
16 earlier, that the consumer end plan would benefit
17 from whatever that price would be.
18           It would be a challenge to go to either a
19 consumer or to a plan and say, "Congratulations.
20 You used the card, and it cost more than if you were
21 to simply walk off the street and not use any type
22 of a card, or program, or anything of that nature."
23           Member disruption -- back to the plan --
24 in most cases it really reflects to the individual.
25 But even if it reflects back to the plan, ensuring

Page 67

1  that that price would take place.
2            We'd also look, when we would define
3  "lowest price" in that meaning if there was
4  something from a passive nature, that consumer would
5  be eligible for. For example, they don't really
6  exist anymore, but at the point in time, a senior
7  citizen discount was a -- sometimes was offered by
8  certain pharmacies that might offer a lower price
9  than the typical -- the walk-in-off-the-street price
10 would be that that consumer still didn't have to do
11 anything by nature. It was simply the pharmacist
12 entered in the birthdate information it would
13 automatically calculate to some type of discount.
14 BY MR. GILMORE:
15      Q    The definition of "usual and customary
16 price" in this contract goes on to say, this price
17 must include any applicable discounts promotions or
18 other offers to attract customers; right?
19      A    Yes.
20      Q    As written, the definition of "usual and
21 customary price" does not contain an exception for
22 discounts, promotions, or offers that involve a
23 membership program?
24      A    I was reading that here. I don't see
25 membership listed in there, yes.

Page 68

1       Q    And nor does this definition of "usual
2  and customary" have a expressed written exception
3  that if you have to pay a fee for a discount that
4  doesn't -- that's not included?
5            MS. McNAMARA: Objection. The document
6  speaks for itself.
7            THE WITNESS: As I read this definition,
8  I don't see that included.
9  BY MR. GILMORE:
10      Q    You've referred several times today to a
11 distinction between active and passive discount
12 programs; right?
13      A    Active and passive pricing, yes.
14      Q    That distinction you're referring to,
15 again, isn't written into this definition of "usual
16 and customary price" that MedImpact and CVS agreed
17 to?
18           MS. McNAMARA: Objection. The document
19 speaks for itself.
20           THE WITNESS: As I read this, I don't see
21 those words specified.
22 BY MR. GILMORE:
23      Q    Can you point me to any written
24 communication that you're aware of where MedImpact
25 memorializes that active vs. passive discount

Page 69

1  program -- that distinction that you're referring
2  to -- aren't to be considered usual and customary
3  pricing?
4            MS. McNAMARA: Objection to form.
5            THE WITNESS: I don't recall any specific
6  documentation to that.
7  BY MR. GILMORE:
8       Q    This Pharmacy Network Agreement, is this
9  an agreement that ends up being shared with
10 MedImpact's clients -- payors and PBMs -- I'm sorry
11 -- MedImpact's payor and individual other plan
12 clients?
13           MS. McNAMARA: Objection to form. Calls
14 for speculation.
15           THE WITNESS: I'm not aware of any
16 incidents that we would have shared a specific
17 pharmacy agreement with any payor. If we did, I
18 would have by nature taken that back to our legal
19 channel and had it managed. But during my tenure, I
20 cannot recall any incident where we would have
21 shared that with anyone specifically.
22 BY MR. GILMORE:
23      Q    Are you familiar with MedImpact's
24 contracts that it has with payors of HMOs, employee
25 plans -- any --

CONFIDENTIAL                                                                CVSSM-0024576

Page 90

1    DECLARATION UNDER PENALTY OF PERJURY
2
3       I, William John Barre, do hereby certify under
4  penalty of perjury that I have read the foregoing
5  transcript of my deposition taken on November 17, 2016;
6  that I have made such corrections as appear noted on the
7  Deposition Errata Sheet, attached hereto, signed by me;
8  that my testimony as contained herein, as corrected, is
9  true and correct.
10
11      Dated this _____ day of _____, 20___, at
12  _____, California.
13
14
15      _____
16              William John Barre
17
18
19
20
21
22
23
24
25

Page 91

1              DEPOSITION ERRATA SHEET
2
3   Page No._____ Line No. _____
    Change:_____
4   Reason for change: _____
5   Page No._____ Line No. _____
6   Change:_____
7   Reason for change: _____
8   Page No._____ Line No. _____
9   Change:_____
10  Reason for change: _____
11  Page No._____ Line No. _____
12  Change:_____
13  Reason for change: _____
14  Page No._____ Line No. _____
15  Change:_____
16  Reason for change: _____
17  Page No._____ Line No. _____
18  Change:_____
19  Reason for change: _____
20  Page No._____ Line No. _____
21  Change:_____
22  Reason for change: _____
23
24  _____   _____
25       William John Barre                Dated

Page 92

1   STATE OF CALIFORNIA    )
2                          )
3   COUNTY OF SAN DIEGO    )
4
5
6       I, Harry A. Palter, a Certified Shorthand
7   Reporter of the State of California, do hereby certify:
8       That prior to being examined, the witness in
9   the foregoing proceedings was by me duly sworn to
10  testify to the truth, the whole truth, and nothing but
11  the truth;
12      That said proceedings were taken before me at
13  the time and place therein set forth and were taken down
14  by me in shorthand and thereafter transcribed into
15  typewriting under my direction and supervision;
16      I further certify that I am neither counsel
17  for, nor related to, any party to said proceedings, nor
18  in any way interested in the outcome thereof.
19      In witness whereof, I have hereunto
20  subscribed my name.
21  Dated: November 18, 2016
22
23   _____
24
    HARRY ALAN PALTER
25  CSR No. 7708

CONFIDENTIAL                                              CVSSM-0024582