# EXHIBIT 43

## Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
---

CHRISTOPHER CORCORAN, et )
al., on behalf of )
themselves and all others )
similarly situated, )
                          )
        Plaintiffs, )
                          ) CASE NO.
    vs.                   ) 15-CIV-03504-YGR
                          ) (CLASS ACTION)
CVS PHARMACY, INC., )
                          )
        Defendant. )
_____)

VIDEOTAPED DEPOSITION OF JOEL W. HAY, PhD,
at Buckley Sandler, 100 Wilshire Boulevard,
Suite 1000, Santa Monica, California,
commencing at 8:03 a.m., on Friday, June 16,
2017, before Marla Sharp, RPR, CLR, CCRR,
CSR 11924.

## Page 2

APPEARANCES OF COUNSEL:
FOR THE PLAINTIFFS:
    PRITZKER LEVINE LLP
    BY:  JONATHAN K. LEVINE, ESQ.
    180 Grand Avenue, Suite 1390
    Oakland, California 94612
    415-692-0772
    jkl@pritzkerlevine.com

    - and -

    STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP
    BY:  JAMES RORY KELLY, ESQ.
       (via teleconference)
    1100 Connecticut Avenue NW, Suite 1100
    Washington, DC 20036
    202-601-1589
    jkelly@steinmitchell.com

FOR THE DEFENDANT:
    WILLIAMS & CONNOLLY LLP
    BY:  ANDREW C. WATTS, ESQ.
    725 12th Street NW
    Washington, DC 20005
    202-434-5495
    awatts@wc.com

ALSO PRESENT:

    Kyle Loskamp, videographer

## Page 3

                I N D E X
EXAMINATION                              PAGE
JOEL W. HAY, PhD
    BY MR. WATTS                         6

                EXHIBITS
EXHIBIT       DESCRIPTION                PAGE
Exhibit 335   Amended & Supplemented Expert    7
              Declaration of Professor Joel
              W. Hay, PhD (109 pages, not
              Bates stamped)

Exhibit 336   Addendum to Amended &             7
              Supplemented Expert Declaration
              of Professor Joel W. Hay, PhD
              (6 pages, not Bates stamped)
Exhibit 337   6-13-17 e-mail to Andrew Watts   27
              and others from Robert Gilmore
              (3 pages, not Bates stamped)
Exhibit 338   Active Plan Listing 11-3-08.xls  101
              (39 pages, Bates No.
              CVSC-0391316, confidential)
Exhibit 339   Chart (1 page, not Bates         108
              stamped)

Exhibit 340   7-21-11 New York Times article   112
              entitled "Express Scripts to
              Buy Medco for $29 Billion"
              (3 pages, not Bates stamped)
Exhibit 341   Active Plans 05-01-09.xls        119
              (53 pages, Bates No.
              CVSC-0391336, confidential)
Exhibit 342   Active Plan Listing 10-1-09.xls  122
              (42 pages, Bates No.
              CVSC-0391321, confidential)

## Page 4

                I N D E X
               (continued)

                EXHIBITS
EXHIBIT       DESCRIPTION                PAGE
Exhibit 343   Active Plan Listing 12-1-09.xls  123
              (43 pages, Bates No.
              CVSC-0391324, confidential)
Exhibit 344   Active Plans 06-03-10.xls        124
              (47 pages, Bates No.
              CVSC-0391334)
Exhibit 345   Active Plan List 01-04-2010.xls  125
              (79 pages)

Exhibit 346   Active Plans 11-01-11.xlsx       126
              (34 pages, Bates No.
              CVSC-0391362, confidential)

Exhibit 347   10-27-16 letter to Robert        132
              Gilmore from Grant Geyerman
              (3 pages, not Bates stamped)

Exhibit 348   2-26-16 letter to Robert         133
              Gilmore from Grant Geyerman
              (3 pages, not Bates stamped)

Exhibit 349   2-5-16 letter to Robert Gilmore  133
              from Grant Geyerman (4 pages,
              not Bates stamped)

Exhibit 350   4-15-16 letter to Robert         133
              Gilmore from Grant Geyerman
              (4 pages, not Bates stamped)

        PREVIOUSLY MARKED EXHIBITS
EXHIBIT       DESCRIPTION                PAGE
Exhibit 425   Declaration of Susan Colbert in  105
              Support of Defendant's
              Opposition to Motion for Class
              Certification (8 pages, not
              Bates stamped)

Page 77

```
 1        MR. LEVINE: Objection as to form.           10:03:42
 2        THE WITNESS: Not for the purpose of         10:03:43
 3   preparing this report --                         10:03:44
 4   BY MR. WATTS:                                    10:03:45
 5     Q   Okay.                                      10:03:45
 6     A   -- this declaration.                       10:03:45
 7     Q   Are you -- I guess, as your experience in  10:03:48
 8   the industry or as a pharmaceutical economist, have 10:03:51
 9   you reviewed -- ever had the opportunity to review a 10:03:56
10   contract between a third-party payer and a PBM?  10:03:59
11        MR. LEVINE: Objection as to form.           10:04:03
12        THE WITNESS: Yeah. And I've looked at       10:04:04
13   many in this case.                               10:04:05
14   BY MR. WATTS:                                    10:04:07
15     Q   You've looked at contracts between PBMs and 10:04:07
16   third-party payers in this case?                 10:04:10
17     A   Well, maybe not -- maybe not PBMs and      10:04:21
18   third-party payers. I've certainly looked at PBM 10:04:28
19   contracts with Caremark -- I mean, with CVS.     10:04:30
20     Q   You've looked at PBM-to-CVS contracts?     10:04:33
21     A   Yes.                                       10:04:36
22     Q   Okay. I understand that. But I'm asking    10:04:37
23   about PBM-to-third-party payer contracts.        10:04:40
24        Have you looked at any of those in this     10:04:43
25   case?                                            10:04:44
```

Page 78

```
 1     A   Not that I can recall in this case.        10:04:46
 2     Q   Okay. But you've looked at them in your    10:04:48
 3   experience as a pharmaceutical economist? You're 10:04:49
 4   familiar with those contracts?                   10:04:51
 5        MR. LEVINE: Objection as to form.           10:04:53
 6        THE WITNESS: Yes. I recall having looked    10:04:55
 7   at some of them.                                 10:04:56
 8   BY MR. WATTS:                                    10:04:57
 9     Q   Are you familiar with the pricing terms in 10:04:57
10   those contracts at a general level?              10:05:03
11        MR. LEVINE: Objection as to form.           10:05:06
12        THE WITNESS: I don't understand the         10:05:11
13   question.                                        10:05:11
14   BY MR. WATTS:                                    10:05:12
15     Q   Well, are you familiar with the different  10:05:12
16   reimbursement or financial arrangements to --    10:05:15
17   between a PBM and a third-party payer?           10:05:19
18        MR. LEVINE: Objection as to form.           10:05:24
19        THE WITNESS: I'm generally aware that       10:05:25
20   there's a lot of variation.                      10:05:27
21   BY MR. WATTS:                                    10:05:29
22     Q   Well, can you give me, I guess, your       10:05:29
23   understanding of the different variations in pricing 10:05:31
24   in a PBM-to-third-party contract?                10:05:35
25        MR. LEVINE: Objection as to form.           10:05:39
```

Page 79

```
 1   BY MR. WATTS:                                    10:05:39
 2     Q   At a high level.                           10:05:40
 3     A   Well, at a high level, I think there are   10:05:42
 4   reference prices. There are discounts and rebates. 10:05:49
 5   There may be volume-related conditions and price 10:05:58
 6   changes. And there may be a host of other issues 10:06:05
 7   going on, but, you know, there are lots of different 10:06:13
 8   variables that go into it typically.             10:06:17
 9     Q   Okay. Are you familiar with pass-through   10:06:21
10   pricing between a PBM and third-party?           10:06:25
11     A   I've heard that term.                      10:06:31
12     Q   Do you have an understanding as to -- as a 10:06:33
13   pharmaceutical economist, as to what that term means 10:06:34
14   or that pricing arrangement means?               10:06:37
15     A   Well, one type of pass-through pricing     10:06:42
16   would be that, you know, "We will give you a     10:06:45
17   reference price like AWP or WAC minus X as the   10:06:52
18   price."                                          10:06:59
19     Q   Okay. And there are -- I think, as you     10:07:01
20   said, there are variations in how a pass-through 10:07:03
21   price can be set up in a contract between a      10:07:05
22   third-party payer and a PBM?                     10:07:09
23     A   Absolutely. I think there are lots of      10:07:11
24   variations.                                      10:07:13
25     Q   Okay. Are -- have you -- are you familiar  10:07:13
```

Page 80

```
 1   with performance guarantees in PBM-to-third-party 10:07:15
 2   contracts?                                       10:07:18
 3        MR. LEVINE: Objection as to form.           10:07:20
 4        THE WITNESS: Generally, yes.                10:07:21
 5   BY MR. WATTS:                                    10:07:22
 6     Q   And what's your general understanding of a 10:07:22
 7   performance guarantee?                           10:07:24
 8     A   Well, one type of performance guarantee    10:07:27
 9   would be that "We will keep your drug spend at or 10:07:29
10   below last year's level. And then if we deviate  10:07:35
11   from that target, there may be either rewards or 10:07:44
12   penalties based on the amount of deviation."     10:07:47
13     Q   Okay. Can you think of any other, I guess, 10:07:49
14   just general examples or different variations in the 10:07:52
15   pricing arrangements that you're familiar with   10:07:55
16   between third-party payers and PBMs?             10:07:58
17        MR. LEVINE: Objection as to form.           10:08:00
18        THE WITNESS: Sure. I mean, there could be   10:08:01
19   all kinds of variations, including value-based   10:08:02
20   incentive programs so that there may be additional 10:08:06
21   penalties or rewards based on adherence to certain 10:08:12
22   types of medication. I mean, there's lots of     10:08:18
23   different things that are out there in terms of  10:08:23
24   benefit design.                                  10:08:26
25   ///
```

CONFIDENTIAL                                                     CVSSM-0025057

Page 137

```
 1   identified in the active plan lists who adjudicated   12:03:21
 2   Condor codes 15800 and 7434?                          12:03:24
 3          MR. LEVINE: Objection as to form.              12:03:28
 4          THE WITNESS: Nothing specific. Nothing         12:03:31
 5   other than I've already discussed.                    12:03:32
 6          MR. WATTS: No further questions.               12:03:37
 7          MR. LEVINE: All right. Thank you.              12:03:39
 8          THE VIDEOGRAPHER: This concludes today's       12:03:42
 9   deposition of Dr. Joel W. Hay, volume 3. The time     12:03:43
10   is 12:03 p.m. We are off the record.                  12:03:48
11                        ---
12          (Deposition adjourned at 12:03 p.m.)
```

Page 138

```
 1          I, JOEL W. HAY, PhD, having appeared for my
 2   deposition on June 16, 2017, hereby certify under
 3   penalty of perjury under the laws of the United
 4   States of America that the foregoing is true and
 5   correct.
 6          Executed name on _____,
 7   201___, at _____, _____.
 8          (city)          (state)

13                   JOEL W. HAY, PhD
```

Page 139

```
 1              DEPONENT'S CHANGES OR CORRECTIONS
 2   Note: If you are adding to your testimony, print
      the exact words you want to add. If you are
 3   deleting from your testimony, print the exact words
      you want to delete. Specify with "Add" or "Delete"
 4   and sign this form.
 5
 6   DEPONENT:     JOEL W. HAY, PhD
 7   CASE:         CHRISTOPHER CORCORAN, ET AL. vs.
 8   CVS PHARMACY, INC.
 9   DEPOSITION DATE: JUNE 16, 2017
10   PAGE   LINE   CHANGE/ADD/DELETE
...
25   Deponent's Signature _____ Date _____
```

Page 140

```
 1         CERTIFICATE OF CERTIFIED SHORTHAND REPORTER
 2
 3          I, Marla Sharp, certified shorthand
 4   reporter in the State of California, hereby certify:
 5          That the foregoing deposition of
 6   JOEL W. HAY, PhD, was taken before me on June 16,
 7   2017, at the time therein set forth, at which time
 8   the witness was duly sworn by me;
 9          That the testimony of the witness and all
10   colloquy and objections made at the time of the
11   deposition were recorded stenographically by me and
12   thereafter transcribed, said transcript being a true
13   copy of my shorthand notes thereof;
14          That review of the transcript was neither
15   requested nor waived before completion of the
16   deposition; ( ) that the witness has failed or
17   refused to approve the transcript.
18          I further certify I am neither financially
19   interested in the action nor a relative or employee
20   of any attorney of any of the parties.
21          In witness whereof, I have subscribed my
22   name and signature this date, Sunday, June 18, 2017.
23
24                   _____
25                   Marla Sharp
                     RPR, CLR, CCRR, CSR 11924
```

CONFIDENTIAL                                              CVSSM-0025072