# Exhibit Q

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CVS PHARMACY, INC. and CAREMARK, L.L.C.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00046-S |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CVS PHARMACY, INC. and CAREMARK, L.L.C.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00447-S |

**DEFENDANT CVS PHARMACY, INC.'S RESPONSE
TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendant CVS Pharmacy, Inc. ("CVS"), by and through counsel, provides these Responses and Objections ("Responses") pursuant to Federal Rule of Civil Procedure 33 to Plaintiffs' Second Set of Interrogatories (June 5, 2018). CVS's investigation of the facts and allegations in the case is ongoing, and CVS reserves its right to amend or supplement its Responses as contemplated by, and in accordance with, the applicable rules.

## **GENERAL OBJECTIONS**

1. CVS objects to all definitions, instructions, and requests insofar as they seek production or disclosure of documents or information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, rule, doctrine or immunity, whether created by statute or common law. All requests have been read to exclude discovery of such privileged information. Inadvertent production of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent production waive the right of CVS to object to the use of any such information in any proceeding.

2. CVS objects to all definitions, instructions, and requests insofar as they seek to impose obligations beyond those imposed by law, the applicable Federal Rule of Civil Procedure, and/or the applicable Local Rules.

3. By answering these interrogatories and by providing the requested information, CVS does not concede the relevance, materiality, or admissibility of any of the information sought therein for use as evidence in any hearing or trial. CVS's responses are made subject to and without waiving any objections as to relevance, materiality, or admissibility. CVS expressly reserves the right to object to further discovery on the subject matter of any of these interrogatories.

4. CVS objects to each interrogatory, including subparts, to the extent it is duplicative and cumulative.

5. CVS objects to each interrogatory, including subparts, to the extent that it seeks sensitive and private information, including personal health information, the disclosure of which would violate federal law and/or the privacy rights of persons not parties to this action.

6. CVS objects to each interrogatory, including subparts, as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks documents or information concerning prescription drugs not included on the formulary for the Health Savings Pass ("HSP") program.

7. CVS objects to each interrogatory, including subparts, as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks information concerning a time period(s) not within the putative class period.

8. CVS objects to each interrogatory, including subparts, to the extent that it seeks information that is not in its possession, custody, or control; is not maintained in the ordinary course of business; or cannot be determined without undue burden.

9. CVS objects to each interrogatory, including subparts, to the extent it may be construed to require CVS to search for and disclose or produce information that are equally accessible to Plaintiffs, whether from documents already produced to Plaintiffs in the case, from public records, or from other equally available sources.

10. CVS objects to each request to the extent that it seeks "any," "all," or "any and all" documents on a subject as overbroad, unduly burdensome, and not proportional to the needs of the case in that the collection of potentially responsive documents would require a massive search for documents in numerous different places and files, including potentially the files of several hundreds of employees. In responding to these requests, CVS will conduct a reasonable and diligent search.

11. CVS objects to each interrogatory to the extent that it seeks discovery related to the claims of any Plaintiff or putative class member who has agreed to, and failed to comply with,

dispute resolution procedures for their claims, including but not limited to alternative resolution, binding arbitration, and forum and venue selection.

12. The information supplied in these Responses is not necessarily based upon the personal knowledge of the person executing the interrogatories on behalf of CVS but is based upon the knowledge, information, and belief of CVS and its employees, agents, representatives, and attorneys, unless privileged.

13. The applicable foregoing General Objections are incorporated into each of the specific objections and responses that follow. Stating a specific objection or response shall not be construed as a waiver of CVS's general or specific objections.

14. These Responses are made as of the date stated and include information located or obtained up to that time after reasonable inquiry. CVS does not purport to have reviewed and extracted information from every potentially relevant source. Further information responsive to Plaintiffs' requests may be ascertained or identified at a later time, and CVS reserves its right to amend its responses to rely on such information throughout this litigation and trial.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1. "CVS" means CVS Pharmacy, Inc., including any of its predecessors, successors, parents, subsidiaries, and any of its local, regional, national, executive and foreign offices, affiliates, divisions or branches thereof, any present or former partners, officers, directors, employees or agents including attorneys, accountants, advisors and all other Persons acting or purporting to act on its behalf.

**RESPONSE:** See General Objection No. 2. CVS understands "CVS" to refer to CVS Pharmacy, Inc. only. CVS objects to the Definition as vague, ambiguous, overbroad, unduly burdensome, and not relevant to the parties' claims and defenses or proportional to the needs of the case, insofar as the Definition differs from CVS's understanding or concerns entities other than

4

CVS Pharmacy, Inc. CVS further objects to the Definition insofar as it seeks to impose independent discovery obligations on CVS's counsel.

2. "Caremark" means Caremark, L.L.C., including any of its predecessors, successors, parents, subsidiaries, and any of its local, regional, national, executive and foreign offices, affiliates, divisions or branches thereof, any present or former partners, officers, directors, employees or agents including attorneys, accountants, advisors and all other Persons acting or purporting to act on its behalf.

**RESPONSE:** See General Objection No. 2. CVS understands "Caremark" to refer to Caremark, L.L.C. only. CVS objects to the Definition as vague, ambiguous, overbroad, unduly burdensome, and not relevant to the parties' claims and defenses or proportional to the needs of the case, insofar as the Definition differs from CVS's understanding or concerns entities other than Caremark, L.L.C. CVS further objects to this Definition insofar as it seeks to impose independent discovery obligations on Caremark's counsel.

3. "Document" and/or "documents" shall mean and refer to any and all documents, electronically stored information ("ESI"), memoranda, PowerPoint presentations, Excel spreadsheets, databases, notes, emails, writings, drawings, graphs, charts, photographs, videos, sound recordings, images, and other data or data compilations stored in any medium, including handwritten, typed, printed, pictorial, or graphic matter, however produced or reproduced, of every kind and description, and any other tangible thing, including without limitation any "writings," "originals," and "duplicates," as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001, and as used herein shall refer to any and all writings, including, but not limited to, any faxes, electronic records and electronically stored information, film records, or productions.

**RESPONSE:** See General Objection No. 2.

4. "Communication" and "Communications" are used in a comprehensive sense and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more Persons or entities including writings, Documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer, or otherwise.

**RESPONSE:** See General Objection No. 2.

5. "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or

bureaus (governmental or private), and any other form of business, governmental, or juridical Person or legal entity.

**RESPONSE:** See General Objection No. 2.

6. "Club Plan" shall mean any program under which a pharmacy requires customers to register or become a member of a program or plan in order to access special pricing for an enumerated list of generic prescription medications (e.g., CVS's Health Savings Pass and Walgreen's Prescription Savings Club).

**RESPONSE:** See General Objection No. 2. CVS understands "Club Plan" to be a specific term used by Caremark in its written policy, in place before CVS launched HSP, to refer to generic programs in the marketplace requiring anyone who wanted to participate to join a plan (register) to access the plan's set price list of covered generic drugs. CVS objects to the Definition as vague, ambiguous, overbroad, unduly burdensome, and not relevant to the parties' claims and defenses or proportional to the needs of the case, insofar as the Definition differs from CVS's understanding or purports to define the term "Club Plan" outside the context of its specific use by Caremark.

7. "Standard Set Price Generic Program" shall mean any program under which pharmacy offers to all customers an enumerated list of generic prescription medications for a fixed price without requiring customers to enroll in a program or plan, or pay a fee, to access the fixed prices (e.g., Wal-Mart's "$4 Generics" offering).

**RESPONSE:** See General Objection No. 2. CVS understands "Standard Set Price Generic Program" to be a specific term used by Caremark in its written policy, in place before CVS launched HSP, to refer to generic programs in the marketplace in which a pharmacy chain gave anyone access to a set price list of certain generic drugs without requiring registration in a plan. CVS objects to the Definition as vague, ambiguous, overbroad, unduly burdensome, and not relevant to the parties' claims and defenses or proportional to the needs of the case, insofar as the Definition differs from CVS's understanding or purports to define the term "Standard Set Price Generic Program" outside the context of its specific use by Caremark.

8. "HSP" means the CVS "Health Savings Pass" program.

**RESPONSE:** CVS understands the term "HSP" to mean CVS's Health Savings Pass that launched in November 2008.

9. "Health plan" means any non-governmental entity or program that reimburses for drugs or health care services, including health insurance companies, health maintenance organizations, preferred provider organizations, self-insurance plans, health plans, and union health and welfare funds.

**RESPONSE:** See General Objection No. 2. CVS objects to the Definition as vague and ambiguous. CVS objects to the Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses or proportional to the needs of the case insofar as the Definition differs from Plaintiffs' use of the term "health plan" in their First Amended Complaint or includes health plans outside the putative class Plaintiffs have alleged. CVS does not understand "Health plan," as defined, to include pharmacy benefits managers ("PBMs") or other claims processors.

10. "U&C" means Usual and Customary, and refers to the price that retail pharmacies charge to uninsured customers who purchase drugs from them.

**RESPONSE:** See General Objection No. 2. CVS objects to the Definition as vague, ambiguous, unduly burdensome, and not relevant to the parties' claims and defenses or proportional to the needs of the case, insofar as the Definition differs from the definitions of "U&C" or "Usual and Customary" contained in contracts between CVS and PBMs.

11. To "describe" means to provide the substance, detail, and all information relating to all aspects concerning the subject matter of the interrogatory.

**RESPONSE:** See General Objection No. 2.

12. To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject matter of the document; (f) the present location of any and all copies of the document in the possession, custody, or control of defendant; and (g) the names and current addresses of any and all persons who have possession, custody, or control of the document or copies thereof.

**RESPONSE:** See General Objection No. 2.

    13.    To "identify" an individual means to provide that person's (a) name, (b) job title, and (c) employer. To identify an entity means to provide that entity's name and address.

    **RESPONSE:** See General Objection No. 2.

    14.    "Including" is used merely to illustrate a request for certain types of documents or information, and it should not be construed as limiting the request in any way.

    **RESPONSE:** See General Objection No. 2.

    15.    The terms "refer," "referring," "relate," "relating," or "associated with" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, summarizing, analyzing, involving, reflecting, supporting, refuting, contradicting, addressing, dealing with, consisting of, emanating from, be directed at, pertaining to, identifying, mentioning, in connection with, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

    **RESPONSE:** See General Objection No. 2.

    16.    "Any," "all," and "each shall be construed as "all and each."

    **RESPONSE:** See General Objection Nos. 2 and 10.

    17.    The singular form of any word includes the plural and vice versa.

    **RESPONSE:** See General Objection No. 2.

    18.    If you withhold any information herein on grounds of privilege—work-product or otherwise—identify the specific grounds upon which your objection and privilege claim is based (including each and every fact and legal basis upon which you claim such privilege), the date of creation, author, recipients and general subject matter of the information withheld, and specify the identity of the person (or entity) on whose behalf the privilege is asserted.

    **RESPONSE:** See General Objection No. 2.

    19.    These interrogatories are continuing and Defendant must reasonably supplement their answers, by providing such additional information as Defendant, or any person(s) acting on Defendant's behalf, may hereafter obtain.

    **RESPONSE:** See General Objection No. 2.

## **RESPONSES AND SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 2:** Identify each and every person employed by CVS who participated in the development or design of the HSP program, including the decision not to report HSP price as CVS's U&C price.

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subjects, of (1) "each and every" person or (2) persons known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS objects to this Interrogatory because the phrases "employed by CVS," "participated in the development or design," and "the decision not to report HSP price as CVS's U&C price" are vague and ambiguous. CVS objects to this Interrogatory as cumulative and duplicative insofar as the parties' Initial Disclosures have already identified responsive information.

Subject to and without waiving its general and specific objections, CVS responds that numerous individuals may have "participated in the development or design" of the HSP program, depending upon what is meant by that phrase. Numerous individuals were involved in the implementation or operation of the HSP program. Nevertheless, CVS identifies the following current or former CVS employees who had some meaningful role in the development or design of HSP:

1. Tina Egan,
2. Bari Harlam, and
3. Tom Morrison.

**INTERROGATORY NO. 3:** Identify each and every person not identified in response to Interrogatory No. 2 whom CVS retained in connection with the development or design of the HSP program.

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subject, of (1) "each and every" person or (2) persons already known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS

9

objects to this Interrogatory because the terms and phrases "retained" and "in connection with the development or design of the HSP program" are vague, ambiguous, and undefined. CVS understands the Interrogatory to ask for the identification of vendors contracted to assist with designing how the HSP program would operate.

Subject to and without waiving its general and specific objections, CVS responds that it did not "retain" any "person[s]" in connection with the "the development or design of the HSP program," but states that Caremark, L.L.C. and Alliance Healthcard of Florida, Inc. served as the administrator and enrollment-vendor, respectively, of the HSP program.

**INTERROGATORY NO. 4:** Identify each and every health plan that you contend had knowledge, prior to 2016, that CVS was not reporting its HSP price as its U&C price.

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subject, of (1) "each and every" health plan or (2) health plans already known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case at this time because it is a premature contention interrogatory and cannot be fully answered until the close of discovery. CVS objects to this Interrogatory to the extent it seeks information held by third parties over which CVS does not exercise control. CVS objects to this Interrogatory because the phrase "not reporting its HSP price as its U&C price" is vague and ambiguous.

Subject to and without waiving its general and specific objections, CVS responds that the fact that the HSP price was not CVS's U&C price was widely known prior to 2016. CVS publicized the launch of HSP. CVS announced the launch on its Third-Quarter 2008 Earnings Conference Call, which was attended by numerous industry participants. Industry publications

10

reported on the launch. CVS told numerous health plans and PBMs that the HSP-member price did not constitute CVS's U&C price. Health plans were, and should have been, aware that the HSP price was not the U&C price from these sources and others.

Further, the answer to this Interrogatory may be determined as readily by Plaintiffs as by CVS. The records that must be reviewed have already been produced to Plaintiffs, and include but are not limited to CAREMARKSM_0006302-03; CAREMARKSM_0006154-55; CVSC-0032172 to 73; CVSC-0269959 to 84; exhibit PX-345 to the deposition of CVS's designated representative on September 20, 2016, in the *Corcoran* case (see also pages 223-229 and 251-54 of the deposition transcript); exhibit PX-781 to the deposition of Joseph Zavalishin on April 4, 2017, in the *Corcoran* case; and Exhibits A-Q to the Defendants' Motion to Dismiss Relators' Second Amended Complaint in *U.S. ex rel. Winkelman v. CVS Caremark Corp. et al.*, 1:11-cv-11398 (D. Mass.) filed on January 30, 2015.

CVS's investigation continues.

**INTERROGATORY NO. 5:** For any health plan identified in response to Interrogatory 4, identify (a) the date on which the health plan acquired knowledge that CVS was not reporting its HSP price as U&C price and (b) all facts, documents, and communications supporting your contention that such knowledge was acquired.

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subjects, of (1) "all" facts, documents, and communications or (2) facts, documents, and communications known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case at this time because it is a premature contention interrogatory and cannot be fully answered until the close of discovery. CVS objects to this

11

Interrogatory to the extent it seeks information held by third parties over which CVS does not exercise control. CVS objects to this Interrogatory because the phrase "not reporting its HSP price as U&C price" is vague and ambiguous.

Subject to and without waiving its general and specific objections, CVS responds that the fact that the HSP price was not CVS's U&C price was widely known from the outset of the HSP program in November 2008. CVS publicized the launch of HSP. CVS announced the launch on its Third-Quarter 2008 Earnings Conference Call, which was attended by numerous industry participants. Industry publications reported on the launch. CVS told numerous payors and PBMs that the HSP-member price did not constitute CVS's U&C price. Health plans learned, and should have learned, that the HSP price was not the U&C price from these sources and others.

Further, the answer to this Interrogatory may be determined as readily by Plaintiffs as by CVS. The records that must be reviewed have already been produced to Plaintiffs, and include but are not limited to CAREMARKSM_0006302-03; CAREMARKSM_0006154-55; CVSC-0032172 to 73; CVSC-0269959 to 84; exhibit PX-345 to the deposition of CVS's designated representative on September 20, 2016, in the *Corcoran* case (see also pages 223-229 and 251-54 of the deposition transcript); exhibit PX-781 to the deposition of Joseph Zavalishin on April 4, 2017, in the *Corcoran* case; and Exhibits A-Q to the Defendants' Motion to Dismiss Relators' Second Amended Complaint in *U.S. ex rel. Winkelman v. CVS Caremark Corp. et al.*, 1:11-cv-11398 (D. Mass.) filed on January 30, 2015.

CVS's investigation continues.

**INTERROGATORY NO. 6:** Identify each and every person employed by or acting on behalf of a health plan to whom you disclosed that CVS was not reporting its HSP prices as its U&C price, the person who disclosed that fact, the date on which such disclosure was made, and identify each and every document relating to those communications.

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subjects, of (1) "each and every" person, (2) "each and every" document, or (3) persons and documents known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS objects to this Interrogatory because the phrase "not reporting its HSP price as its U&C price" is vague and ambiguous.

Subject to and without waiving its general and specific objections, CVS responds that the fact that the HSP price was not CVS's U&C price was widely known from the outset of the HSP program in November 2008. CVS publicized the launch of HSP. CVS announced the launch on its Third-Quarter 2008 Earnings Conference Call, which was attended by numerous industry participants. Industry publications reported on the launch. CVS told numerous payors and PBMs that the HSP-member price did not constitute CVS's U&C price. Persons employed by or acting on behalf of health plans learned, and should have learned, that the HSP price was not the U&C price from these sources and others.

Further, the answer to this Interrogatory may be determined as readily by Plaintiffs as by CVS. The records that must be reviewed have already been produced to Plaintiffs, and include but are not limited to CAREMARKSM_0006302-03; CAREMARKSM_0006154-55; CVSC-0032172 to 73; CVSC-0269959 to 84; exhibit PX-345 to the deposition of CVS's designated representative on September 20, 2016, in the *Corcoran* case (see also pages 223-229 and 251-54 of the deposition transcript); exhibit PX-781 to the deposition of Joseph Zavalishin on April 4, 2017, in the *Corcoran* case; and Exhibits 11, 12, 14, 15, 16, and 17 to CVS's Opposition to Plaintiffs' Motion for Class Certification (Nov. 21, 2016) in the *Corcoran* case.

CVS's investigation continues.

**INTERROGATORY NO. 7:** Identify all facts that support your claim that any knowledge of state Medicaid agencies or their personnel regarding whether CVS was reporting its HSP prices as its U&C prices was communicated to health plans.

**RESPONSE:** CVS objects to this Interrogatory because the phrase "your claim that any knowledge of state Medicaid agencies or their personnel regarding whether CVS was reporting its HSP prices as its U&C price was communicated to health plans" is vague, ambiguous, and undefined. CVS objects to this Interrogatory because it seeks identification of facts in support of a mischaracterized contention ("your claim").

Subject to and without waiving its general and specific objections, CVS does not understand what this Interrogatory is asking about. If Plaintiffs identify what written or oral statement they believe CVS has made, from which Plaintiffs understand it to be CVS's "claim" that "any knowledge of state Medicaid agencies or their personnel regarding whether CVS was reporting its HSP prices as its U&C prices was communicated to health plans," then CVS will consider a further answer to this Interrogatory. Absent more information, however, CVS will not respond further to this Interrogatory

**INTERROGATORY NO. 8:** Identify all facts that support your claim that any knowledge of state Medicaid agencies or their personnel regarding whether Club Plans were reporting their Club Plan prices as their U&C prices was communicated to health plans.

**RESPONSE:** CVS objects to this Interrogatory because the phrase "your claim that any knowledge of state Medicaid agencies or their personnel regarding whether Club Plans were reporting their Club Plan prices as their U&C prices was communicated to health plans" is vague, ambiguous, and undefined. CVS objects to this Interrogatory because it seeks identification of facts in support of a mischaracterized contention ("your claim").

Subject to and without waiving its general and specific objections, CVS does not understand what this Interrogatory is asking about. If Plaintiffs identify what written or oral

statement they believe CVS has made, from which Plaintiffs understand it to be CVS's "claim" that "any knowledge of state Medicaid agencies or their personnel regarding whether Club Plans were reporting their Club Plan prices as their U&C prices was communicated to health plans," then CVS will consider a further answer to this Interrogatory. Absent more information, however, CVS will not respond further to this Interrogatory.

**INTERROGATORY NO. 9:** Identify all facts that support your claim that any knowledge of state Medicaid agencies or their personnel regarding whether Standard Set Price Generic Programs were reporting their Standard Set Price Generic Program prices as their U&C prices was communicated to health plans.

**RESPONSE:** CVS objects to this Interrogatory because the phrase "your claim that any knowledge of state Medicaid agencies on their personnel whether Standard Set Price Generic Programs were reporting their Standard Set Price Generic Program prices as their U&C prices was communicated to health plans" is vague and ambiguous is vague, ambiguous, and undefined. CVS objects to this Interrogatory because it seeks identification of facts in support of a mischaracterized contention ("your claim").

Subject to and without waiving its general and specific objections, CVS does not understand what this Interrogatory is asking about. If Plaintiffs identify what written or oral statement they believe CVS has made, from which Plaintiffs understand it to be CVS's "claim" that "any knowledge of state Medicaid agencies on their personnel whether Standard Set Price Generic Programs were reporting their Standard Set Price Generic Program prices as their U&C prices was communicated to health plans," then CVS will consider a further answer to this Interrogatory. Absent more information, however, CVS will not respond further to this Interrogatory.

**INTERROGATORY NO. 10:** Identify all facts that support your claim that Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

15

**RESPONSE:** CVS objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses or proportional to the needs of the case insofar as it seeks identification, as to the listed subject, of (1) "all" facts or (2) facts known to or readily identifiable by Plaintiffs from discovery already produced in the case. CVS objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case at this time because it is a premature contention interrogatory and cannot be fully answered until the close of discovery. CVS objects to this Interrogatory to the extent it seeks information held by Plaintiffs.

Subject to and without waiving its general and specific objections, CVS responds that the statute of limitations for Plaintiffs' claims began running at the outset of the HSP program on November 9, 2008 and, at the latest, no later than first time Plaintiffs reimbursed their PBMs more than the HSP price for a drug on the HSP list. The fact that the HSP price was not CVS's U&C price was widely known from the outset of the program in November 2008. CVS publicized the launch of HSP. It was public information what price was charged in an HSP program purchase, and it was further known or knowable that CVS was not reporting the HSP program price as the U&C price. CVS told numerous payors and PBMs that the HSP-member price did not constitute CVS's U&C price. Industry publications reported on the launch. Plaintiffs learned or should have learned that the HSP price was not the U&C price from these sources and others. Further, Plaintiffs knew the amount of their reimbursements and the applicable co-payments for CVS prescriptions on the dates of their reimbursements to their PBMs for such purchases, and they knew, and should have known, on those dates whether the sum of their reimbursements plus the applicable co-payments exceeded the HSP program price.

All documents and information produced in discovery, or documents and information that are public information, that relate to these subjects are "facts" supporting CVS's statute of

limitations defense, including P_011909-16; Caremark-0002102 to 04; CAREMARKSM_0006237-39; CAREMARKSM_0006240; CAREMARKSM_0006302-03; CAREMARKSM_0006154-55; CVSC-0032172 to 73; exhibit PX-345 to the deposition of CVS's designated representative on September 20, 2016, in the *Corcoran* case (see also pages 223-229 and 251-54 of the deposition transcript); exhibit PX-781 to the deposition of Joseph Zavalishin on April 4, 2017, in the *Corcoran* case; Exhibits 11, 12, 14, 15, 16, and 17 to CVS's Opposition to Plaintiffs' Motion for Class Certification (Nov. 21, 2016) in the *Corcoran* case; and Exhibits A-Q to the Defendants' Motion to Dismiss Relators' Second Amended Complaint in *U.S. ex rel. Winkelman v. CVS Caremark Corp. et al.*, 1:11-cv-11398 (D. Mass.) filed on January 30, 2015.

CVS's investigation continues.

DATED: July 9, 2018

By: /s/ William T. Burke
Enu Mainigi (*Pro Hac Vice*)
William T. Burke (*Pro Hac Vice*)
Grant A. Geyerman (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
wburke@wc.com
ggeyerman@wc.com

Robert C. Corrente
WHELAN, CORRENTE, FLANDERS, KINDER & SIKET LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone: (401) 270-4500
Facsimile: (401) 270-3760
rcorrente@whelancorrente.com

*Attorneys for CVS Pharmacy, Inc.*

## VERIFICATION

Susan Colbert herein states that:

1. I am the Senior Director, Payer Relations, at CVS Pharmacy, Inc. ("CVS"), and I verify CVS's Objections and Responses to Plaintiffs' Second Set of Interrogatories.

2. I am duly authorized to do so. The matters stated therein are not within my personal knowledge; the facts stated therein have been assembled by employees and/or counsel for CVS.

3. I declare under penalty of perjury under the laws of the State of Rhode Island that, to the best of my knowledge, information, and belief, the foregoing is true and correct.

Executed on July 9, 2018

_____
Susan Colbert

Sworn to and subscribed
before me, this 9th
day of July, 2018.

_____
Notary Public

Lynn Tardie
Notary Public
State of Rhode Island
My Commission Expires 12/20/2021

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I caused **DEFENDANT CVS PHARMACY INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** to be served on the following:

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

Elizabeth A. Fegan (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
Email: beth@hbsslaw.com

Jennifer Fountain Connolly (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 200
Washington, D.C.  20006
Tel:  (202) 248-5403
Fax:  (202) 580-6559
Email:  jenniferc@hbsslaw.com

Stephen M. Prignano (3649)
MCINTYRE TATE LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903
Tel: (401) 351-7700 Ext. 227
Fax: (401) 331-6095
Email: smp@mtlesq.com

William Riley (*pro hac vice*)
RILEY WILLIAMS & PIATT, LLC
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Tel: (317) 633-5270
Fax: (317) 426-3348
Email: wriley@rwp-law.com

Donald F. Harmon (*pro hac vice*)
BURKE BURNS & PINELLI, LTD.
Three First National Plaza
70 West Madison Street, Suite 4300
Chicago, IL 60602
Email: dharmon@bbp-chicago.com

*Attorneys for Plaintiffs*

DATED:  July 9, 2018                     By: /s/ William T. Burke