*Appendix A: Consumer Protection Classes*

| | |
|---|---|
| **UNFAIR AND DECEPTIVE CONDUCT CONSUMER PROTECTION CLASS** | |
| States | California, Florida, Illinois, Iowa, Massachusetts, New Jersey, New York, Ohio, Washington |
| **Authority** | |
| California | California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent" business acts or practices. Cal. Bus. & Prof. Code § 17200. "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Diehl v. Starbucks Corp.*, No. 12CV2432 AJB (BGS), 2014 WL 295468, at *10 (S.D. Cal. Jan. 27, 2014) (citation omitted). A business act or practice is "fraudulent" if members of the public are likely to be deceived. *Blakemore v. Superior Court*, 129 Cal. App. 4th 36, 49 (2d Dist. 2005). "[A] fraudulent business practice under § 17200 is one which is likely to deceive the public, and may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 121 F. Supp. 3d 950, 978 (C.D. Cal. 2015) (quotations omitted). |
| Florida | "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1). An "unfair" practice is one that "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co.*, 782 So. 2d 489, 499 (Fla. Dist. Ct. App. 2001) (quoting *Spiegel, Inc. v. FTC*, 540 F.2d 287, 293 (7th Cir. 1976)). "[A] deceptive practice is one that is likely to mislead consumers." *In re: Takata Airbag Prods. Liab. Litig.*, No. 14-24009-CV-MORENO, 2016 WL 6072406, at *11 (S.D. Fla. Oct. 14, 2016) (internal citation omitted). |

010582-11/1115556 V2

| | |
|---|---|
| Illinois | "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. 505/2. In considering whether a practice is "unfair," courts review three factors: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 418 (Ill. 2002). "Under the CFA, a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001) (citing *People ex rel. Hartigan v. Knecht Servs., Inc.*, 216 Ill. App. 3d 843, 857 (Ill. App. Ct. 1991)). |
| Iowa | "The act, use or employment by a person of an unfair practice, deception, fraud, false pretense, false promise, or misrepresentation, or the concealment, suppression, or omission of a material fact with intent that others rely upon the concealment, suppression, or omission, in connection with the lease, sale, or advertisement of any merchandise or the solicitation of contributions for charitable purposes, whether or not a person has in fact been misled, deceived, or damaged, is an unlawful practice." Iowa Code § 714.16(2)(a). "'Unfair practice' means an act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces." Iowa Code § 714.16(n). "'Deception' means an act or practice which has the tendency or capacity to mislead a substantial number of consumers as to a material fact or facts." Iowa Code § 714.16(f). |

| | |
|---|---|
| Massachusetts | Massachusetts prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws Ann. ch. 93A, § 2. "Under Chapter 93A, an act or practice is unfair if it falls 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness'; 'is immoral, unethical, oppressive, or unscrupulous'; and 'causes substantial injury to consumers.'" *Moreira v. Citimortgage, Inc.*, No. 15-13720-LTS, 2016 WL 4707981, at *3 (D. Mass. Sept. 8, 2016) (internal citation omitted). "[T]o determine whether conduct is deceptive, the finder of fact must assess whether the conduct possesses a tendency to deceive and could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted." *Full Spectrum Software, Inc. v. Forte Automation Sys., Inc.*, 858 F.3d 666, 671–72 (1st Cir. 2017) (citation and quotations omitted, second emphasis in original). |
| New Jersey | The New Jersey Consumer Fraud Act prohibits "deception." N.J. Stat. Ann. § 56:8–2. It is not necessary to show that any person was in fact misled or deceived; all that is required is that the conduct has the capacity to mislead. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). The New Jersey Standard Civil Jury Instructions, § 4.43 Model Charge under Consumer Fraud Act adds: "'Deception' is conduct or advertisement which is misleading to an average consumer to the extent that it is capable of, and likely to, mislead an average consumer. It does not matter that at a later time it could have been explained to a more knowledgeable and inquisitive consumer. It does not matter whether the conduct or advertisement actually have misled the plaintiff(s). The fact that defendant(s) may have acted in good faith is irrelevant. It is the capacity to mislead that is important." |
| New York | New York prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce[.]" N.Y. Gen. Bus. Law § 349(a). "The New York Court of Appeals has adopted an objective definition of 'deceptive acts and practices,' which requires that the representations or omissions at issue are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Carias v. Monsanto Co.,* No. 15-CV-3677 (JMA) (GRB) , 2016 WL 6803780, at *9 (E.D.N.Y. Sept. 30, 2016) (internal citations omitted). |
| Ohio | The Ohio Consumer Sales Practices Act ("CSPA") declares that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates [the CSPA] whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02(A). Such an unfair or deceptive act or practice by a supplier violates [the CSPA] whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02(A). |

010582-11/1115556 V2

| | |
|---|---|
| Washington | The Washington Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash Rev. Code § 19.86.020. A practice is "unfair" if it (1) offends public policy as it has been established by statutes, the common-law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. *Blake v. Federal Way Cycle Ctr.*, 698 P.2d 578, 583 (Wash. Ct. App. 1985); *Rush v. Blackburn*, 361 P.3d 217, 224–25 (Wash. Ct. App. 2015). "In applying the requirement that the allegedly deceptive act has the capacity to deceive 'a substantial portion of the public,' the concern of Washington courts has been to rule out those deceptive acts and practices that are unique to the relationship between plaintiff and defendant." *Behnke v. Ahrens*, 294 P.3d 729, 735–36 (Wash. Ct. App. 2012) (citation omitted). |

010582-11/1115556 V2

| OMISSIONS CONSUMER PROTECTION CLASS ||
|---|---|
| States | Illinois, Michigan, Nevada, New Jersey |
| **Authority** ||
| Illinois | The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. 505/2. |
| Michigan | The Michigan Consumer Protection Act prohibits "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer . . . [;] (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is . . . [;] (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. Mich. Comp. Laws § 445.903(1). |
| Nevada | The Nevada Deceptive Trade Practices Act makes it unlawful to "[k]nowingly fail[] to disclose a material fact in connection with the sale or lease of goods or services," Nev. Rev. Stat. § 598.0923(2)(1), and "[k]nowingly make[ ] any other false representation in a transaction. Nev. Rev. Stat. § 598.0915(15). |
| New Jersey | The New Jersey Consumer Fraud Act prohibits the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . whether or not any person has in fact been misled, deceived or damaged thereby[.]" N.J. Stat. § 56:8-2. |

010582-11/1115556 V2