**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>     v.<br><br>CVS PHARMACY, INC. and CAREMARK, L.L.C.,<br><br>                          Defendants. | Case No. 1:16-cv-00046-S |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly situated,<br><br>                          Plaintiffs,<br><br>     v.<br><br>CVS PHARMACY, INC. and CAREMARK, L.L.C.,<br><br>                          Defendants. | Case No. 1:16-cv-00447-S |

**CAREMARK'S MOTION FOR LEAVE TO FILE MOTION UNDER THE FEDERAL ARBITRATION ACT TO DISMISS THE CLAIMS OF SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND**

Defendant Caremark, L.L.C. ("Caremark") hereby requests leave to file its Motion Under the Federal Arbitration Act to Dismiss the Claims of Sheet Metal Workers Local No. 20 Welfare and Benefit Fund ("Arbitration Motion") and accompanying memorandum in support, which are attached as Exhibits A and B, respectively. Plaintiffs have informed Caremark that they oppose this request.

1

The Court's Standard Pretrial Order dated January 13, 2017 sets the deadline for filing dispositive motions as thirty (30) days after the parties complete their expert disclosures, which has yet to occur, and provides that no motions, other than motions *in limine*, shall be filed without this Court's leave after fourteen (14) days from the close of discovery, which occurred on March 15, 2019. *See* Dkt. No. 46, at 2, 4; Text Order Entering Dkt. No. 91 (Jan. 11, 2019).

Caremark therefore seeks leave to file its Arbitration Motion at this time, in conjunction with Defendants' Objection to Plaintiffs' Motion for Class Certification ("Defendants' Objection"), because the question whether Sheet Metal's claims against Caremark are subject to arbitration is related to issues in Defendants' Objection. First, Caremark's Arbitration Motion, if granted, would dispose of all of Sheet Metal's claims against Caremark in this case, and such a disposition highlights one obvious reason Sheet Metal cannot be a typical or adequate class representative for putative class members with claims against Caremark. Second, as Defendants' Objection demonstrates, alternative dispute resolution ("ADR") provisions in contracts like Caremark's contract here frequently are a reason that class certification is denied, as the presence of ADR provisions foreclose a putative class representative from proving that common issues of fact and law predominate over individualized issues. Third, granting Caremark leave to file its Arbitration Motion at this time would be consistent with the "'liberal federal policy favoring arbitration agreements,'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also id.* (recognizing the Federal Arbitration Act "was designed to promote arbitration").

Accordingly, Caremark respectfully requests that the Court grant leave to file the Arbitration Motion.

DATED:  July 17, 2019  Respectfully submitted,

By: /s/ *Robert C. Corrente*
Robert C. Corrente (RI Bar No. 2632)
WHELAN, CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone: (401) 270-4500
Facsimile: (401) 270-3760
rcorrente@whelancorrente.com

Enu Mainigi (*Pro Hac Vice*)
Craig D. Singer (*Pro Hac Vice*)
William T. Burke (*Pro Hac Vice*)
Grant A. Geyerman (*Pro Hac Vice*)
Kathryn E. Hoover (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
csinger@wc.com
wburke@wc.com
ggeyerman@wc.com
khoover@wc.com

*Attorneys for Caremark, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, a copy of the foregoing was filed electronically and is available for viewing and downloading from ECF.

DATED: July 17, 2019                     By: /s/ *Grant A. Geyerman*