IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY INC. and CAREMARK, L.L.C.,<br><br>Defendants. | Case No. 1:16-cv-00046-S |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY INC. and CAREMARK, L.L.C.,<br><br>Defendants. | Case No. 1:16-cv-00447-S |

**RESPONSE IN OPPOSITION TO DEFENDANT CAREMARK'S MOTION FOR LEAVE TO FILE MOTION UNDER THE FEDERAL ARBITRATION ACT TO DISMISS THE CLAIMS OF SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND**

Caremark, L.L.C. was added as a defendant to this action on May 4, 2018, when Plaintiffs filed their First Amended Complaint.[1] Now, 14 months later, Caremark is for the first time attempting to assert the right of arbitration by asking for this Court's leave to move to

---

[1] First Am. Compl., ECF No. 81.

dismiss under the Federal Arbitration Act the claims brought against Caremark by Plaintiff Sheet Metal Workers Local No. 20 Welfare and Benefit Fund ("SMW Fund").[2]

The motion to dismiss that Caremark seeks leave to file is without merit because Caremark has forfeited by inaction any right to arbitration. Caremark has engaged in undue delay by waiting until class-certification proceedings were well under way to assert a right to arbitrate. Permitting Caremark to invoke the right to arbitration at this stage of the litigation would prejudice not only Plaintiff SMW Fund but also putative Class members.

Because the motion to dismiss that Caremark seeks to file is untimely and therefore gratuitous, Caremark's request for leave to file the motion to dismiss should be denied.

## I.   BACKGROUND

A party does not properly assert a right to arbitration by invoking the right during pretrial conferences or even by articulating the right in its answer to a complaint.[3] Rather, a right of arbitration is asserted by filing a motion seeking to compel arbitration or to dismiss claims based on a contractual arbitration provision.[4]

For over two years, Caremark has failed to assert a right to arbitration and has instead done the very thing that it accuses the SMW Fund of doing: Caremark has neglected to follow the dispute-resolution procedures set out in paragraph 13.16 of the Prescription Benefit Services Agreement ("Agreement") between Caremark and the Fund.[5]

---

[2] Caremark's Mot. for Leave to File Mot. Under the Federal Arbitration Act to Dismiss the Claims of Sheet Metal Workers Local No. 20 Welfare and Benefit Fund, ECF No. 127.

[3] *Binienda v. Atwells Realty Corp.*, No. CV 15-253 WES, 2018 WL 1271443, at *3 (D.R.I. Mar. 9, 2018) (Smith, C.J.).

[4] *In re Citigroup, Inc.*, 376 F.3d 23, 27 (1st Cir. 2004); *Binienda*, 2018 WL 1271443, at *3.

[5] *See* Caremark's Proposed Mem. in Supp. of Mot. to Dismiss Under the Federal Arbitration Act ("Caremark's Proposed Arbitration Mem.") at 1–3. ECF No. 127-2.

On June 5, 2017, the SMW Fund moved to amend its complaint, seeking (among other things) to add Caremark as a defendant.[6] Yet Caremark did not send to the SMW Fund the "Dispute Notice" required by the Agreement, which provides: "In the event of a dispute between the parties, and prior to commencing any litigation or other legal proceeding, *each party shall*, by giving written notice to the other party ('Dispute Notice'), request a meeting of authorized representatives of the parties for the purpose of resolving the dispute."[7]

The SMW Fund filed the First Amended Complaint about a year later, on May 4, 2018, with the Court's leave.[8] Again, Caremark did not send a Dispute Notice to the Fund, nor did Caremark move to dismiss the Fund's claims based on the contractual dispute-resolution procedures. Instead, Caremark included in its Answer to the First Amended Complaint boiler-plate language about "dispute resolution procedures" without identifying the relevant sections of the Agreement:

> As a separate and distinct defense, Caremark alleges that putative class members and at least one Plaintiff have agreed to, and failed to comply with, dispute resolution procedures for their claims, including but not limited to alternative resolution, binding arbitration, and forum and venue selection.[9]

Caremark ultimately sent a Dispute Notice to the SMW Fund on October 31, 2018—six months after the Fund filed the First Amended Complaint.[10]

Plaintiff SMW Fund responded by declining Caremark's request for dispute-resolution discussions on the ground that Caremark's request was untimely:

> Caremark has forfeited the right to invoke the dispute-resolution mechanisms of Section 13.16 because its request for dispute resolution is untimely and

---

[6] Mot. for Leave to File First Am. Compl., ECF No. 56.

[7] Caremark's Proposed Arbitration Mem. 2 (emphasis added).

[8] First Am. Compl.; Mem. and Order Granting Mot. for Leave to File First Am. Compl. (Mar. 31, 2018), ECF No. 80.

[9] Caremark L.L.C.'s Answer to Pls.' First Am. Compl. ¶ 29 (July 3, 2018), ECF No. 90.

[10] Caremark's Proposed Arbitration Mem. 3.

prejudicial to the Fund. . . . Because Caremark has forfeited through undue delay its right to invoke the dispute-resolution mechanisms of Section 13.16, the Fund declines Caremark's invitation to participate in the dispute-resolution proceedings under that section of the Agreement.[11]

Despite the SMW Fund's warning to Caremark that its invocation of a right to arbitrate was untimely, Caremark still did not assert a right to arbitration by filing a motion with the Court. Instead, Caremark waited *another* six months, asserting a right to arbitration on July 17, 2019 by filing its motion for leave to move to dismiss contemporaneously with its filings in opposition to Plaintiffs' motion for class certification.

## II.     ARGUMENT

Caremark's motion for leave should be denied because the motion to dismiss that Caremark seeks leave to file is without merit, and permitting Caremark to file a baseless motion would only waste the time and resources of Plaintiff and the Court. Caremark's proposed motion to dismiss is gratuitous because the argument it raises—that the SMW Fund's claims against Caremark should be dismissed based on a contractual dispute-resolution provision—has been forfeited by Caremark's inaction:

> [A]n arbitration provision has to be invoked in a timely manner or the option is lost. . . . [T]he precedents tend to insist that an arbitration clause be invoked at the earliest opportunity. If arbitration is invoked in response to a lawsuit, this must be done early on in the case so resources are not needlessly deployed.[12]

A party forfeits a contractual right to arbitrate when (1) the party has engaged in undue delay and (2) enforcing the arbitration clause would result in a modicum of prejudice to the other side.[13] Here, both of these factors cut against Caremark.

---

[11] Ex. A, Letter from Zoran Tasić to Caremark Counsel (Jan. 22, 2019).

[12] *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 12–13 (1st Cir. 2003) (citations omitted).

[13] *Id.* at 12.

**A.    Caremark has forfeited any right to arbitration through undue delay by waiting more than 14 months to assert the right.**

As this Court has recognized, actions such as invoking arbitration rights during pretrial conferences or referencing arbitration rights in an answer to a complaint "only 'articulate [Defendants'] potential intentions to raise the arbitrability . . . as an affirmative defense,' but they are not assertions of the right to arbitration. Defendants first assert[ ] their right when they file[ ] the motion to compel arbitration . . . ."[14]

Thus, Caremark asserted a right to arbitration on July 17, 2019, when it filed its motion for leave to move to dismiss under the Federal Arbitration Act. In other words, Caremark first asserted a right to arbitration 14 months after the filing of the First Amended Complaint, which added Caremark as a defendant—over two years after the SMW Fund moved to add Caremark as a defendant.

But regardless of whether Caremark's delay is measured from the day Plaintiffs moved to amend the Complaint or from the day the First Amended Complaint was filed, Caremark's delay is undue. In *In re Citigroup*, the First Circuit found that a party engaged in undue delay by seeking arbitration 18 months after it "was on constructive notice that claims were asserted which were subject to [an] arbitration provision."[15] In these circumstances, the First Circuit stated, "[t]here is no excuse for . . . failing to seek arbitration promptly."[16]

Similarly, in *Menorah Insurance Co., Ltd. v. INX Reinsurance Corp.*, the First Circuit concluded that a defendant waived the right to arbitration after one year's delay.[17] And this Court found in *Binienda v. Atwells Realty Corp.* that defendants' two-year delay in asserting the right

---

[14] *Binienda*, 2018 WL 1271443, at *3 (quoting *In re Citigroup*, 376 F.3d at 27).
[15] *In re Citigroup*, 376 F.3d at 27.
[16] *Id.*
[17] 72 F.3d 218, 221–22 (1st Cir. 1995).

to arbitrate was undue despite defendants' argument that the delay was caused by an inability to locate the contract containing the arbitration provision.[18]

Caremark's delay is all the more troubling because it has offered no explanation for its inaction.[19] Even after Plaintiff informed Caremark in January 2019 that it was forfeiting through inaction any right to arbitrate,[20] Caremark continued to sit on its hands for another six months before filing its motion for leave.

**B.     Caremark's motion to dismiss under the Federal Arbitration Act would, if granted, prejudice Plaintiff SMW Fund.**

If the SMW Fund's claims against Caremark are dismissed based on Caremark's invocation of a right to arbitrate, the Fund would be prejudiced for reasons aptly articulated by the First Circuit in *In re Citigroup*: "[I]f the arbitrable claims are sent to arbitration they may be subject to new defenses related to the statute of limitations and the equitable doctrine of laches; and even if the defenses are not successful, plaintiff[ ] will have to respond to them."[21] In addition to the defenses enumerated in *In re Citigroup*, were the Fund's claims against Caremark moved to an arbitral forum, Caremark surely would argue that the Fund's claims are barred because the Fund didn't comply with the dispute-resolution procedures.[22]

---

[18] *Binienda*, 2018 WL 1271443, at *3–4.

[19] *See Joca-Roca Real Estate, LLC v. Brennan*, 772 F.3d 945, 949 (1st Cir. 2014) (concluding that plaintiff waived right to arbitration because of undue delay and noting that "the delay is more troubling because the plaintiff never offered any explanation for it").

[20] *See* Ex. A.

[21] *In re Citigroup*, 376 F.3d at 27.

[22] *See* Caremark's Proposed Arbitration Mem. 6 ("Sheet Metal violated [its] agreement [with Caremark] when it filed claims against Defendant Caremark . . . . Sheet Metal subsequently compounded its violation by refusing to participate in dispute-resolution negotiations that Caremark requested. Because the parties' dispute was not resolved within 90 days, Sheet Metal was required to submit to arbitration . . . .").

Caremark's opportunity to raise new defenses were its motion to dismiss granted is alone sufficient to establish Caremark's forfeiture of a right to arbitration, given that "the required showing [of prejudice] is 'tame at best.'"[23] Moreover, "[s]ome degree of prejudice ordinarily may be inferred from a protracted delay in the assertion of arbitral rights" where, as here, "that delay is accompanied by sufficient litigation activity."[24] Such an inference "makes good sense" because "during such a period of delay, the opposing party usually will incur cost, measured in both out-of-pocket expense and the value of time."[25]

In addition, Caremark's delay prejudices not only Plaintiff SMW Fund but may also prejudice other Plaintiffs and putative class members. In opposing class certification, Defendants argue that Plaintiffs' claims are not typical of the Class because "Plaintiffs only entered into contracts with the PBMs Caremark and ESI-Medco, not MedImpact or OptumRx," and therefore "have no incentive to develop evidence to show that MedImpact or OptumRx was part of the alleged conspiracy, as class members who contracted with these PBMs would have to prove."[26]

The SMW Fund is the only named Plaintiff that contracted with Caremark, so if the Fund's claims against Caremark are dismissed based on the asserted right to arbitrate, there will be no named Plaintiff who contracted with Caremark. Regardless of the merits of Defendants' typicality argument, if the SMW Fund's claims against Caremark are dismissed, Defendants will surely expand this typicality argument to contend that Plaintiffs' claims against Caremark are not typical because the only Plaintiffs with claims against Caremark—the Carpenters Fund and the Plumbers Fund—did *not* enter into contracts with Caremark.

---

[23] *Joca-Roca*, 772 F.3d at 949 (quoting *Rankin*, 336 F.3d at 14).

[24] *Id.*

[25] *Id.*

[26] Mem. in Supp. of Defs.' Obj. to Pls.' Mot. for Class Certification (Redacted) at 59 (July 17, 2019), ECF No. 128-1.

Simply put, Caremark is attempting to create a class-certification issue that could have been addressed a year ago but for Caremark's inaction. Had Caremark timely moved to dismiss the SMW Fund's claims against it and succeeded, the other Plaintiffs would have had time to add or substitute as Plaintiff a Caremark client whose contract does not contain an arbitration provision. By first asserting a right to arbitrate in the middle of class-certification proceedings, Caremark seeks to deprive Plaintiffs and Class members of that opportunity.

When the "larger context of the litigation" is considered,[27] there is no question that Caremark's delay in asserting a right to arbitration would prejudice Plaintiff SMW Fund as well as other Plaintiffs and Class members. Caremark's attempt to assert a right to arbitration during class-certification proceedings is illustrative of why courts do not permit parties to assert a right to arbitration after "sufficient litigation activity."[28] "[T]o require that parties go to arbitration despite their having advanced so far in court proceedings before seeking arbitration would often be unfair, for it would effectively allow a party sensing an adverse court decision a second chance in another forum."[29]

## III.  CONCLUSION

Caremark's motion for leave to move to dismiss the SMW Fund's complaints under the Federal Arbitration Act should be denied because any contractual right to arbitrate that Caremark may have had is forfeited; thus, any motion to dismiss based on the asserted right to arbitrate is groundless. Caremark's undue delay of more than 14 months is inexplicable—indeed, Caremark

---

[27] *In re Citigroup*, 376 F.3d at 26 ("When determining whether a defendant prejudicially failed to invoke arbitration in a timely manner, we consider the larger context of the litigation.").

[28] *Joca-Roca*, 772 F.3d at 949.

[29] *Menorah Ins.*, 72 F.3d at 221 (quoting *Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38, 43 (1st Cir. 1982)).

makes no attempt to explain it. Just as importantly, Caremark's undue delay is prejudicial to Plaintiff SMW Fund and potentially prejudicial to many putative Class members.

Because the motion that Caremark seeks leave to file is without merit, Plaintiff respectfully requests that the Court deny Caremark's motion for leave.

Dated: July 31, 2019

Respectfully submitted,

By: /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Zoran Tasić (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: zorant@hbsslaw.com

Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Email: beth@feganscott.com

*Lead Counsel for Plaintiff and Proposed Class*

Stephen M. Prignano
MCINTYRE TATE LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903
Telephone: (401) 351-7700, Ext. 227
Facsimile: (401) 331-6095
Email: smp@mtlesq.com

*Liaison Counsel for Plaintiff*

William N. Riley (*pro hac vice*)
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Ave
Indianapolis, IN 46204
Telephone: (317) 633-5270
Email: wriley@rwp-law.com

*Counsel for Plaintiff Sheet Metal Workers Local No. 20 Welfare and Benefit Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2019, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           */s/ Steve W. Berman*
                                           Steve W. Berman