# Exhibit A



T 708.628.4949   F 708.628.4950

Zoran (Zoki) Tasić
Associate
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. CITYFRONT PLAZA DRIVE
SUITE 2410
CHICAGO, IL 60611
www.hbsslaw.com

**zorant@hbsslaw.com**

January 22, 2019

**VIA E-MAIL**

William Burke
Grant Geyerman
Kylie Hoover
Jariel A. Rendell
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

    Re:    *Sheet Metal Workers Local No. 20 Welfare and Benefit Fund v. CVS Pharmacy, Inc.*, Case No. 1:16-cv-00046-S (D.R.I.)

Dear Counsel:

    We write in response to Caremark, L.L.C.'s letter of October 31, 2018 requesting that Plaintiff Sheet Metal Workers Local No. 20 Welfare and Benefit Fund participate in dispute-resolution discussions pursuant to Section 13.16 of the Fund's Prescription Benefit Services Agreement with Caremark.

    Caremark has forfeited the right to invoke the dispute-resolution mechanisms of Section 13.16 because its request for dispute resolution is untimely and prejudicial to the Fund. "[A]n arbitration provision has to be invoked in a timely manner or the option is lost." *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 12 (1st Cir. 2003). Indeed, "the precedents tend to insist that an arbitration clause be invoked at the earliest opportunity." *Id.* at 13 (citation omitted). Thus, a party forfeits its right to arbitration when the party engages "in undue delay and [there is] a modicum of prejudice to the other side." *Id.* at 12. Whether a party engaged in undue delay "is determined by factors including: 'the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities

William Burke
January 22, 2019
Page 2

that have already taken place, [and] the proximity of the arbitration demand to an anticipated trial date.'" *Binienda v. Atwells Realty Corp.*, No. CV 15-253 WES, 2018 WL 1271443, at *3 (D.R.I. Mar. 9, 2018) (quoting *Joca-Roca Real Estate, LLC v. Brennan*, 772 F.3d 945, 948 (1st Cir. 2014)).

      Here, the factors cut against Caremark and establish that it has forfeited any right to dispute resolution under Section 13.16 of the Agreement. As an initial matter, there is no question that Caremark did not invoke Section 13.16 at the earliest opportunity—far from it. The Fund moved to amend its complaint to add Caremark as a defendant on June 5, 2017. Caremark could have invoked Section 13.16 of the Agreement at that time: Section 13.16 provides that either party may request a dispute-resolution meeting *before* the commencement of "any litigation or other legal proceedings." Instead, Caremark waited a year and a half to request a dispute-resolution meeting under the Agreement.

      When the Court on March 31, 2018 granted Plaintiffs leave to file their First Amended Complaint adding Caremark as a defendant, Caremark still did not request a dispute-resolution meeting with the Fund. Instead, Caremark sat on its hands for another six months, participating in the litigation by, among other things, making 12 separate document productions to Plaintiffs. Only on October 31, 2018—with the close of discovery on the horizon—did Caremark first request a dispute-resolution meeting under Section 13.16. Caremark's belated attempt to invoke Section 13.16 of the Agreement is prejudicial to the Fund, which has expended significant time and resources that would have either been conserved or otherwise allocated but for Caremark's protracted delay.

      Because Caremark has forfeited through undue delay its right to invoke the dispute-resolution mechanisms of Section 13.16, the Fund declines Caremark's invitation to participate in the dispute-resolution proceedings under that section of the Agreement.

William Burke
January 22, 2019
Page 3

                                                Sincerely,

                                                Zoran Tasić

cc:    Steve W. Berman
        Elizabeth A. Fegan
        Barbara Mahoney
        William N. Riley
        Frederick W. Dennerline, III